65191. QUATTLEBAUM v. GEORGIA POWER COMPANY.

SHULMAN, Chief Judge.

After a routine meter reading visit to the Quattlebaum home in June 1978, an employee of Georgia Power Company reported that the meter had been tampered with. Quattlebaum refused to pay the electricity bill which Georgia Power subsequently sent him, and his electric service was terminated. He filed suit against Georgia Power for actual damages incurred from the interrupted service and for punitive damages. After a jury awarded appellant $1.00 in actual damages and $2,500 in punitive damages, the trial court granted appellee's motion for judgment notwithstanding the verdict on the award of punitive damages. This appeal followed.

1. Appellant first argues that a regulation of the Georgia Public Service Commission was improperly admitted into evidence. He contends that the certification, dated September 21, 1981 does not establish that the regulation was in effect in September 1978, the time of the incident at issue. However, the certified copy of the regulation contains the following language: "Effective May 8, 1956 Paragraph 9 revised January 1, 1970." The validity of the regulation must be presumed, and the burden of establishing invalidity is upon the person asserting it. See *Hieber v. Watt,* 119 Ga. App. 5 (5) (165

SE2d 899). Appellant having failed to show that the regulation had been altered or repealed subsequent to its adoption and was therefore not in effect in September 1978, the trial court did not err in admitting the evidence.

2. Appellant next argues that the entry of judgment for appellee on the issue of punitive damages, despite the jury verdict in favor of appellant on the issue, was erroneous.

"An act of a person, although without legal right or authority, upon the person or property of another, which causes damage, where done in good faith and without wilfulness, malice, or with such gross neglect as to indicate a wanton disregard for the rights of another, will not authorize the infliction of punitive damages." *Lawrence v. Atlanta Gas-Light Co.,* 49 Ga. App. 444, 454 (176 SE 75). There is no question that appellee acted in good faith — appellant's service was suspended pursuant to a Public Service Commission regulation which permitted such action when, in the utility's opinion, the instruments used to measure electricity usage were altered. The record contains no evidence from which the jury could conclude that appellee had acted wilfully, maliciously, or so negligently as to indicate a wanton disregard for the rights of others. Contrary to appellant's assertion, the fact that food thawed as a result of the suspension of power does not constitute negligence tantamount to wanton disregard for the rights of others. Thus, there was no legal ground upon which an award of punitive damages could be based, and a judgment n.o.v. was authorized.

*Judgment affirmed. Carley and Pope, JJ., concur.*

DECIDED FEBRUARY 22, 1983.

*James A. Elkins, Jr.,* for appellant.
*Allen C. Levi,* for appellee.