43992. ROY E. DAVIS & COMPANY v. DEPARTMENT OF REVENUE et al.
(353 SE2d 195)

PER CURIAM.

We previously dismissed appellant's direct appeal for failure to file a discretionary application. Appellant has moved for reconsideration, arguing that it has a right of direct appeal under OCGA § 50-13-10, because the proceedings in Fulton Superior Court involved a claim for a declaratory judgment to review the appellee's refusal to issue appellant a certificate of registration and sales and use tax registration number. We deny the motion for reconsideration, for the following reasons.

Appellant is a Georgia corporation. The Department of Revenue (DOR) requires all corporations to apply for a certificate of registration, in order to facilitate its collection of sales and use taxes. OCGA § 48-8-59 (b) states that "[e]very application for a certificate of registration shall be made upon a form prescribed by the commissioner and shall contain the name under which the applicant transacts or intends to transact business, the location of his place or places of business, and *such other information as the commissioner may require*." (Emphasis supplied.) DOR rules require the application for a certificate of registration to be filed on "Form ST-1," but do not define the contents of ST-1. The form, as developed by DOR, requires the corporation to describe, inter alia, the residential addresses of the owners or corporate officers, and their social security numbers. The form describes the listing of this information as "a mandatory requirement

pursuant to [certain regulations] for pursuit and collection of any delinquent sales and use taxes owed by the applicant." Despite the "mandatory requirement" language of ST-1, the regulations to which it refers do not prescribe or describe the information it should require.

Appellant submitted an ST-1 form to DOR, but did not provide the residential addresses or social security numbers of its officers, and the DOR declined to issue a certificate. Appellant subsequently sought an administrative hearing, but its demand for a hearing was dismissed by DOR. Appellant then filed a complaint in Fulton Superior Court, in two counts. The first count was an appeal of the agency decision pursuant to OCGA § 50-13-19.. The second count was a claim for a declaratory judgment under OCGA § 50-13-10, which allows an action for declaratory judgment in accordance with OCGA Title 9, Ch. 4, to challenge the "validity of any rule . . . when it is alleged that the rule or its threatened application interferes with or impairs the legal rights of the petitioner."

The superior court granted summary judgment to DOR. Without specifying whether he was ruling on the appeal from the agency decision or the claim for a declaratory judgment, the judge held that the DOR could require the disclosure of the social security numbers and residential addresses of a corporation's officers. The court pretermitted deciding whether DOR had acted properly in dismissing the corporation's appeal.

Appellant then filed a direct appeal to this court, and we dismissed under the authority of OCGA § 5-6-35 (a) (1), *Wheeler v. Strickland*, 248 Ga. 85 (281 SE2d 556) (1981), and *Plantation Pipe Line Co. v. Strickland*, 249 Ga. 829 (294 SE2d 471) (1982). OCGA § 5-6-35 (a) (1) requires an application for review of appeals from decisions of the superior courts reviewing decisions of state agencies. In *Wheeler*, supra, 248 Ga., we held that an appeal from a superior court's review of an official DOR notice of assessment and demand for payment of sales tax must be by discretionary application. In *Plantation Pipe Line*, supra, 249 Ga., we held that the discretionary review procedure should have been followed where the appellant sought review of a superior court decision which reviewed a DOR assessment for a deficiency in the appellant's annual corporate net worth taxes.

In its motion for reconsideration, the appellant in this case argues that it is entitled to a direct appeal because it is really appealing from a summary judgment in a declaratory judgment action, and not from a decision of the superior court reviewing a decision of an administrative agency. Appellee responds that, regardless of the nomenclature used, the substance of the present appeal involves the superior court's review of an administrative case emanating from the DOR, and therefore is properly classified as a discretionary appeal pursuant

to OCGA § 5-6-35 (a) (1). Assuming without deciding the correctness of appellant's characterization of the nature of this appeal as an appeal of a judgment on a declaratory judgment claim,[1] we nevertheless find that appellant's direct appeal is subject to dismissal, because the appellant did not have the right to file a claim for a declaratory judgment under the APA.

An illustrative case is *Bd. of Dental Examiners v. Daniels*, 137 Ga. App. 706 (224 SE2d 820) (1976). In that case the appellant was notified to appear for a Georgia Administrative Procedure Act (APA) hearing on allegations that he had improperly applied orthodontic appliances and that he had been convicted of a felony involving moral turpitude. In response, he filed a petition with the Board of Dental Examiners, seeking certain information. The Board, through its staff assistant attorney general, advised Daniels that he was soliciting information of a discovery nature which was therefore outside the purview of the APA. Daniels then filed a complaint for declaratory judgment in DeKalb County, and the superior court ordered the Board to respond to discovery. The Board appealed.

One of the issues facing the Court of Appeals was whether venue was proper in DeKalb; venue would have been proper in DeKalb if the action was for a declaratory judgment on an agency rule. The Court of Appeals held, however, that jurisdiction was not proper under former Code Ann. § 3A-111 (now OCGA § 50-13-10), because the legal opinion of the Board's counsel fell within the class of "interpretive rules" mentioned by former Code Ann. § 3A-104 (now OCGA § 50-13-4) as an exception to the procedural requirements of the APA, see OCGA §§ 50-13-3 and 50-13-4, and was not an "agency rule" within the meaning of Code Ann. § 3A-111. *Bd. of Dental Examiners*, supra, 137 Ga. App. at 708-709.

Similarly, in the instant case we find that Form ST-1 is not a "rule" within the purview of § 50-13-10. OCGA § 48-8-59 authorizes the DOR to require applicants to furnish such information as it may require. Various DOR regulations which DOR has formally adopted pursuant to APA procedure refer to the ST-1 form as the form which an applicant for a certificate of registration must complete. However, Form ST-1 has never been enacted as a DOR rule pursuant to the APA. Therefore, the form is an "interpretive rule," not a "rule" within the meaning of § 50-13-10, and the DOR's authority to require disclosure of the data requested by ST-1 may not be reviewed in a declaratory judgment action pursuant to § 50-13-10. It follows that § 50-13-10 was not a proper basis to invoke the jurisdiction of the

---

[1] We do not reach the question whether a direct appeal from a ruling on a § 50-13-10 claim for a declaratory judgment can under some circumstances be characterized, for the purposes of § 5-6-35, as essentially an appeal from an agency decision.

Fulton Superior Court, and does not provide a means for the appellant to directly appeal the judgment of the superior court. The motion for reconsideration is denied.

*Motion for Reconsideration denied. All the Justices concur, except Gregory, Weltner and Hunt, JJ., who concur in the judgment only.*

DECIDED NOVEMBER 5, 1986 —
RECONSIDERATION DENIED FEBRUARY 26, 1987.
*Sibley & Weaver, Quintus W. Sibley,* for appellant.
*Michael J. Bowers, Attorney General, Jeff L. Milsteen, Staff Assistant Attorney General,* for appellees.