## 44307. FORD MOTOR COMPANY v. COLLINS.

(357 SE2d 567)

WELTNER, Justice.

The Ford Motor Company requested that the Department of Revenue license Ford as a distributor of gasoline. The Department denied Ford's request and advised Ford by letter that the Department did not consider Ford to be a gasoline distributor.

Ford petitioned the trial court to issue a writ of mandamus to compel the Department to accept Ford's application and to issue a license. Both parties moved for summary judgment. The trial court granted the Department's motion and denied Ford's. Ford filed this direct appeal.

1. The Department filed a motion to dismiss Ford's direct appeal, claiming that Ford was appealing from a superior court review of a decision of a state administrative agency, which required an application. OCGA § 5-6-35 (a) (1). The Department relied on *Plantation Pipe Line Co. v. Strickland,* 249 Ga. 829 (294 SE2d 471) (1982) and *Wheeler v. Strickland,* 248 Ga. 85 (281 SE2d 556) (1981), wherein we held that an appeal from an assessment by the Department was an administrative agency decision requiring an application for its appeal. We decline to hold that a letter from an official within the office of the Commissioner of the Department of Revenue is an agency "decision" within the meaning of the statute. (Compare *Roy E. Davis &c. v. Dept. of Revenue,* 256 Ga. 709 (353 SE2d 195) (1987), where the appeal was from a denied request for an agency hearing.) Thus Ford properly may pursue a direct appeal from the denial of its mandamus action. OCGA § 5-6-34 (a) (6).

2. Ford claims that it qualifies for a distributor's license under OCGA § 48-9-2 (5) (D), which defines a "distributor" as "every person" who "purchases motor fuel for export from this state." The Department contends that Ford does not export motor fuel for at least two reasons: Ford sells automobiles, not motor fuel; the sales occur in this state.

It is undisputed that the title to Ford's automobiles passes to Ford's vendees within this state. See *Strickland v. Phillips Petroleum Co.,* 248 Ga. 582, 584 (284 SE2d 271) (1981). Because the sale of

Ford's automobiles — and of the motor fuel within them — takes place *within* the State of Georgia, Ford cannot be an *exporter* of motor fuel.

The trial court did not err in granting summary judgment to the Department.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 25, 1987 —
RECONSIDERATION DENIED JULY 29, 1987.

*Sutherland, Asbill & Brennan, Walter H. Wingfield, R. Michael Robinson,* for appellant.

*Michael J. Bowers, Attorney General, Warren R. Calvert, Assistant Attorney General,* for appellee.