A03A0474, A03A0475. GEORGIA OILMEN'S ASSOCIATION et al. v. DEPARTMENT OF REVENUE; and vice versa.

(582 SE2d 549)

BLACKBURN, Presiding Judge.

In Case No. A03A0474, the Georgia Oilmen's Association and the Georgia Association of Convenience Stores ("the Association") appeal

the trial court's dismissal of the Association's declaratory judgment action challenging the validity of various Georgia Department of Revenue ("DOR") regulations governing the wholesale distribution of malt beverages. In Case No. A03A0475, the DOR appeals the trial court's grant of summary judgment to the Association, thereby finding an interpretive DOR rule to be invalid. Both appeals are consolidated herein for review. For the reasons stated below, we affirm the trial court's decision in Case No. A03A0474 and vacate and remand in Case No. A03A0475.

As an initial matter, we point out that, although the Association's claims include a challenge to the constitutionality of a regulation, this Court, not our Supreme Court, has subject matter jurisdiction. The Georgia Constitution grants our Supreme Court exclusive appellate jurisdiction in "all cases in which the constitutionality of a law, ordinance, or constitutional provision has been drawn in question." Ga. Const., Art. VI, Sec. VI, Par. II. DOR regulations, however, are not "laws" under the meaning of the constitution, and therefore jurisdiction is not in the Supreme Court, but in this Court. *Brosnan v. Undercofler*.[1]

### Case No. A03A0474

In this case, the Association challenges the validity of four sets of published DOR regulations governing distribution of malt beverages ("beer") in Georgia, contending that: (1) certain of these DOR regulations which require retailers to purchase beer only from designated wholesalers and to take delivery only on the retailer's premises impermissibly expand the scope of the statutes on which they are based and conflict with laws of general application and (2) certain other agency regulations which require the posting of wholesale prices and forbid wholesalers from arranging retail stock are not specifically authorized by their enabling statutes and are otherwise unreasonable.

Because the DOR regulations challenged by the Association are authorized by statute, have not been proven to be unreasonable, and do not conflict with other statutory law, we find no merit in the Association's contentions. *Ga. Real Estate Comm. v. Accelerated Courses in Real Estate*;[2] *Dept. of Human Resources v. Anderson*;[3] *Ga. Hosp. Assn. v. Ledbetter*;[4] *Quattlebaum v. Ga. Power Co.*[5]

---

[1] *Brosnan v. Undercofler*, 220 Ga. 239 (138 SE2d 314) (1964).

[2] *Ga. Real Estate Comm. v. Accelerated Courses in Real Estate*, 234 Ga. 30, 32 (214 SE2d 495) (1975).

[3] *Dept. of Human Resources v. Anderson*, 218 Ga. App. 528, 529 (462 SE2d 439) (1995).

[4] *Ga. Hosp. Assn. v. Ledbetter*, 260 Ga. 477, 479 (396 SE2d 488) (1990).

[5] *Quattlebaum v. Ga. Power Co.*, 165 Ga. App. 510 (301 SE2d 677) (1983).

As an initial matter, all of the rules challenged by the Association in these appeals are authorized generally by OCGA § 3-2-2 (a) of the Alcoholic Beverage Code ("the Code"), which permits promulgation of "reasonable rules and regulations not inconsistent with this title or other laws." The DOR's rule-making authority is not limited to those subjects expressly addressed in the Code, *Glustrom v. State*,[6] so long as the rules regulate the manufacture, sale, distribution, storage, or transportation of alcohol and are not inconsistent with the Code or other laws. *Atkins v. Manning.*[7] OCGA § 3-5-30 also authorizes the promulgation of regulations consistent with various policies set out in that statute.

1. The Association contends that the trial court erred by granting judgment on the pleadings in favor of the DOR on its claims that regulations requiring retailers to purchase from designated wholesalers and to take delivery only on the retailer's premises are invalid. We disagree.

We review the trial court's grant of judgment on the pleadings pursuant to OCGA § 9-11-12 (c) to determine whether the undisputed facts that appear from the pleadings show the moving party is entitled to judgment as a matter of law. *City of Decatur v. DeKalb County.*[8] All well-pleaded material allegations of fact are taken as true, but legal conclusions need not be accepted. Id. at 869.

(a) The Association contends that Ga. Comp. R. & Regs. r. ("Rule") 560-2-4-.02 is invalid because it: (i) impermissibly expands the scope of OCGA § 3-5-31, the statute on which it is modeled, and (ii) conflicts with Ga. Const., Art. III, Sec. I, Par. I; Ga. Const., Art. III, Sec. VI, Par. V; and OCGA § 13-8-2.

(i) Rule 560-2-4-.02, "Designation of Sales Territories," reads in pertinent part: "(2) Every manufacturer, shipper, or broker shall . . . designate . . . sales territories for each of its brands or labels sold in Georgia[ ] and shall name one licensed wholesaler in each territory who, within such territory[,] shall be the exclusive distributor of such brand or label within such territory."

OCGA § 3-5-31 (b) of the Alcoholic Beverage Code reads in pertinent part: "[Each] shipper shall: . . . (2) Designate . . . sales territories for each of its brands sold in Georgia; and (3) Name one licensed wholesaler in each territory who, within the territory, shall be the exclusive distributor of the brand within the territory."

Here, the rule and statute are virtually identical, and the rule "correctly reflects the plain language of the statute and comports

---

[6] *Glustrom v. State*, 206 Ga. 734, 738 (58 SE2d 534) (1950).
[7] *Atkins v. Manning*, 206 Ga. 219, 220 (56 SE2d 260) (1949).
[8] *City of Decatur v. DeKalb County*, 255 Ga. App. 868, 870 (567 SE2d 332) (2002).

with the legislative intent." *Sawnee Elec. Membership Corp. v. Ga. Public Svc. Comm.*[9]

The Association nonetheless argues that the statute does not absolutely prohibit retailers from buying beer from wholesalers outside of their territory, and the regulation conflicts with the statute by enforcing such a prohibition. This argument fails for two reasons. First, the DOR's interpretation of the statute is consistent with traditional canons of statutory interpretation, with other statutes in the Code, and with our Supreme Court's interpretation of the similarly worded OCGA § 3-6-22, involving distribution of wine. *Chilivis v. Nat. Distrib. Co.*[10] Second, the Association's interpretation of the statute, permitting retailers to purchase beer from other than their designated distributors, would render the word "exclusive" meaningless and would restrict the statute's obvious, "plain language" meaning. Rules of statutory construction prohibit such an erroneous construction. *City of Buchanan v. Pope;*[11] *Integon Indem. Corp. v. Canal Ins. Co.;*[12] *Curlee v. Mock Enterprises.*[13] And, the Association's reliance on interpretations of OCGA § 10-1-664 and OCGA § 31-6-40 et seq. does not change this result. These fundamentally different statutes regulate the location of auto dealers and health care providers, and, as such, have no bearing on our analysis of the Alcoholic Beverage Code. See OCGA § 31-6-1. The Association is similarly misguided in citing OCGA §§ 3-5-26 and 3-5-27 in support of its position. Neither of these statutes authorizes wholesalers to sell to *any* retailer licensed in the state, or authorizes retailers to purchase from *any* wholesaler licensed in the state.

(ii) The Association claims Rule 560-2-4-.02 (2) conflicts with Ga. Const., Art. III, Sec. I, Par. I; OCGA § 13-8-2; and Ga. Const., Art. III, Sec. VI, Par. V. We disagree.

Ga. Const., Art. III, Sec. I, Par. I states that only the General Assembly is empowered to exercise legislative power by creating laws. Rule 560-2-4-.02 does not conflict with this provision because it is not a new law, but merely an administrative rule authorized by and consistent with a duly passed statute. *Dept. of Transp. v. Del-Cook Timber Co.*[14] The second law, OCGA § 13-8-2, prohibits contracts between private parties in restraint of trade. Again, the DOR rule does not conflict with this provision because it is a law authorized by statute, not a private contract. Finally, Rule 560-2-4-.02 does

---

[9] *Sawnee Elec. Membership Corp. v. Ga. Public Svc. Comm.*, 273 Ga. 702, 706 (544 SE2d 158) (2001).

[10] *Chilivis v. Nat. Distrib. Co.*, 239 Ga. 651 (238 SE2d 431) (1977).

[11] *City of Buchanan v. Pope*, 222 Ga. App. 716, 717 (476 SE2d 53) (1996).

[12] *Integon Indem. Corp. v. Canal Ins. Co.*, 256 Ga. 692, 693 (353 SE2d 186) (1987).

[13] *Curlee v. Mock Enterprises*, 173 Ga. App. 594, 600 (327 SE2d 736) (1985).

[14] *Dept. of Transp. v. Del-Cook Timber Co.*, 248 Ga. 734 (285 SE2d 913) (1982).

not conflict with Ga. Const., Art. III, Sec. VI, Par. V (c). This paragraph states that "[t]he General Assembly shall not have the power to authorize any contract or agreement which may have the effect of or which is intended to have the effect of defeating or lessening competition, or encouraging a monopoly, which are hereby declared to be unlawful and void." In *Plumb v. Christie*,[15] our Supreme Court held that because the authority to sell alcoholic beverages is a privilege and not a right, "[a] monopoly in such a business thus created by the General Assembly, by . . . engaging in the traffic upon a body corporate, is not violative of . . . the constitution of Georgia." See *Acree v. Ragsdale*[16] ("selling of malt beverages in this State is a mere privilege, and involves no personal or property right"); *Allstate Beer v. Julius Wile Sons & Co.*[17] (1979 federal case applying Georgia law and citing *Plumb v. Christie* as presumably still valid). See also *Reeves v. Bridges*,[18] citing OCGA § 3-3-1 with approval.

(b) The Association contends that Rule 560-2-2-.07 (1), which requires a retailer to take delivery of beverage alcohol only at its place of business (implicitly prohibiting delivery at the wholesaler's warehouse), Rule 560-2-2-.25, which prohibits retail dealers from transporting beverage alcohol, and Rules 560-2-4-.08 and 560-2-4-.10, which effectively require the wholesaler to deliver all malt beverages to the retailer's establishment, are invalid because: (i) they conflict with OCGA § 3-5-28 and (ii) they are unreasonable. These arguments lack merit.

(i) OCGA § 3-5-28 states:

> All malt beverages sold by a wholesale dealer to a retail dealer shall be delivered only to the premises of a licensed retail dealer and transported only by a conveyance owned, or leased, and operated by [the] wholesale dealer. . . . The malt beverages so sold shall not be delivered to, received, or stored at any place other than premises for which state and local retail licenses have been issued.

The Association argues that OCGA § 3-5-28 does not prohibit a retailer from picking up its beer at the wholesaler's premises, but merely requires a certain method of delivery *if* the wholesaler chooses to deliver the beer. For the same reasons we discussed in our analysis of OCGA § 3-5-31, the statute means what it says. The Association asks us to insert the words "if delivered" into the statute, to

---

[15] *Plumb v. Christie*, 103 Ga. 686 (6) (30 SE 759) (1898).

[16] *Acree v. Ragsdale*, 60 Ga. App. 717, 718 (4 SE2d 708) (1939).

[17] *Allstate Beer v. Julius Wile Sons & Co.*, 479 FSupp. 605 (N.D. Ga. 1979).

[18] *Reeves v. Bridges*, 248 Ga. 600, 601 (284 SE2d 416) (1981).

make it read: "All malt beverages sold by a wholesale dealer to a retail dealer[, *if delivered,*] shall be delivered." However, adding those words would constitute a forced construction that would limit the effect of the statute, and would render the first word of the statute, "all," superfluous. *Curlee,* supra. Furthermore, this interpretation would create a direct conflict with the last sentence of the statute. The challenged regulations are a correct, common-sense interpretation of the statute and are therefore authorized.

(ii) The Association also contends that the challenged rules listed above are not reasonable. The test of a rule's reasonableness is the nature of its impact on the public and the industry it regulates. *Ga. Real Estate Comm.,* supra at 35. See also *Parks v. Allen*[19] (federal case applying Georgia law). A reasonableness analysis must also consider the degree to which the rule advances the purpose of its enabling statutes. *Albany Surgical v. Dept. of Community Health.*[20] Because of an agency's presumed expertise, if the rule "is arguably reasonable, it should be sustained." *Parks,* supra at 614.

The Association alleges no facts that, if true, would show that the regulations in question have a negative impact on the public or the industry (nor did the Association even allege unreasonableness generally). Furthermore, the rules in question advance the purpose of the enabling statute as a matter of law. Rule 560-2-4-.02 is functionally identical to OCGA § 3-5-31, and Rules 560-2-2-.07, 560-2-2-.25, 560-2-4-.08, and 560-2-4-.10 are functionally identical to OCGA § 3-5-28. OCGA § 3-2-2, the general enabling statute, authorizes regulations "for the enforcement of this title." A regulation that mirrors a statute in the title by definition enforces the title. Therefore, the Association's contentions are without merit.

2. The Association contends that the trial court erred in granting summary judgment to the DOR on its claims that Rules 560-2-4-.11, 560-2-2-.16 (1) (a), and 560-2-4-.25 (1), which regulate the posting of wholesale prices and arranging of stock by wholesalers, are not authorized and are not reasonable. We disagree.

In reviewing the grant of DOR's motion for summary judgment, we affirm if the evidence, viewed in the Association's favor, presents no genuine issue of material fact and, under those facts, the DOR is entitled to judgment as a matter of law. OCGA § 9-11-56 (c); *Bd. of Natural Resources v. Monroe County.*[21] Because of agencies' presumed expertise in dealing with complex issues, we defer to the DOR

---

[19] *Parks v. Allen,* 426 F2d 610, 614 (5th Cir. 1970).
[20] *Albany Surgical v. Dept. of Community Health,* 257 Ga. App. 636, 640 (572 SE2d 638) (2002).
[21] *Bd. of Natural Resources v. Monroe County,* 252 Ga. App. 555, 557 (556 SE2d 834) (2001).

on the issue of reasonableness unless there is evidence the regulation is arbitrary and capricious. *Bentley v. Chastain.*[22]

Initially, we point out that we have already determined that the DOR had proper authority to promulgate these rules. With regard to the reasonableness of these rules, the only material evidence presented by either party consisted of affidavits by two DOR executives, explaining the positive impact of the regulations.

While it is possible for a rule to be facially unreasonable, it is not made so by a mere allegation of such condition, unless it plainly conflicts with the language of its authorizing statute, or is otherwise patently unreasonable. Plaintiff cannot survive summary judgment by relying on its pleadings and on the language of the subject rule where one must look to other facts or conditions or must rely on input from other sources to determine the unreasonableness of the rule. Absent patent unreasonableness, the nonmovant must come forward with evidence to create an issue of unreasonableness, i.e., affidavits of experts opining that such rule is unreasonable, supported by appropriate affidavits establishing the underlying facts that demonstrate harm and unreasonableness. Contrary to the Association's contentions, this is not a situation where the DOR's rules are plainly contrary to statutes on their face. Because the regulations are authorized and the Association has not created a factual dispute regarding their reasonableness, the trial court correctly granted summary judgment to DOR.

## Case No. A03A0475

In this related case, the DOR contends the trial court erred in granting summary judgment to the Association, finding that the DOR's prohibition of split deliveries was improper. Because the challenged practice is not a rule as defined by the Administrative Procedure Act ("APA") and was not subject to a declaratory judgment action, we vacate the trial court's ruling.

A split delivery occurs when an entity places a bulk order on behalf of a group of retailers, and the order is delivered separately to each retailer. The Association argues (without evidentiary support) that the DOR prohibits split deliveries. The trial court declared this "rule" invalid because it was not published and was unreasonable.

As an initial matter, we point out that the Association failed to follow the appropriate procedures for obtaining an interpretation of a regulation from the DOR. OCGA § 50-13-11 explicitly allows a party to request a declaratory ruling from an administrative agency concerning the application of agency rules. In addition, Rule 560-1-1-.10

---

[22] *Bentley v. Chastain*, 242 Ga. 348, 352 (1) (249 SE2d 38) (1978).

allows an entity to "file a petition for a declaratory ruling as to the applicability of a statute or rule or order pursuant to Section 12 of the Administrative Procedure Act." If, after following these appropriate administrative remedies, the Association had disliked the DOR's response, it could have then filed an appeal in the superior court. Instead of following these procedures, however, the Association inappropriately filed a declaratory judgment action in the trial court, circumventing the prescribed procedure for challenging DOR rules.

Nonetheless, we address the trial court's ruling on the issue of split deliveries. This alleged practice by the DOR cannot be considered a "rule" for declaratory judgment purposes. OCGA § 50-13-10 of the APA permits rules to be challenged in declaratory judgment actions and constitutes a limited waiver of the State's immunity from suit.[23] See *Ga. Dept. of Med. Assistance v. Beverly Enterprises*.[24] But a "rule" is defined as "each agency regulation, standard, or statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of any agency," subject to a variety of exceptions. OCGA § 50-13-2 (6). Here, the evidence shows that the alleged practice is at most an "interpretive rule," which is specifically excepted from the definition.

In several discovery requests, the DOR was asked to admit that they do not restrict split deliveries and that split deliveries are lawful in Georgia. The DOR objected "that such request [for admission] calls for a legal conclusion and an opinion as to an ultimate issue. In the event that Defendant is required to respond, Defendant denies" it. The Association also asked the DOR if it prohibits distributors from filling split delivery orders. The DOR explained at length that under existing statutes and published regulations, split deliveries violate the law. In subsequent discovery responses, the DOR admitted that it had a rule or practice prohibiting split delivery, but always referenced this supplementary interrogatory response.

These responses at most state an "interpretive rule," which is not subject to declaratory judgment. In *Ga. State Bd. of Dental Examiners v. Daniels*,[25] we held that an agency's policy of not responding to discovery requests on the grounds that the law did not require discovery in administrative proceedings constituted an "interpretive rule" rather than an "agency rule." We noted that this

---

[23] We note that the Association never invoked the procedure set forth in OCGA § 50-13-10 to challenge any of the written rules on which the interpretive rule regarding split deliveries is based, including Rules 560-2-2-.01, 560-2-2-.04, 560-2-2-.07, 560-2-2-.15, 560-2-2-.16, 560-2-2-.17, 560-2-2-.44, and 560-2-4-.11.

[24] *Ga. Dept. of Med. Assistance v. Beverly Enterprises*, 261 Ga. 59 (401 SE2d 499) (1991).

[25] *Ga. State Bd. of Dental Examiners v. Daniels*, 137 Ga. App. 706 (224 SE2d 820) (1976).

policy was merely the agency's interpretation of existing laws, not an independently promulgated agency rule, and did not "bring plaintiff within the scope of [OCGA § 50-13-10]." Id. at 708. See *Roy E. Davis & Co. v. Dept. of Revenue.*[26]

Similarly here, the DOR has cited existing statutes and rules that, in its opinion, indirectly prohibit split deliveries. The Association presents no other evidence to support its claim that the DOR's alleged practice falls within the scope of OCGA § 50-13-10. The Association's argument that a waiver of sovereign immunity is not required in equity cases is inapplicable because this is not an equity case.

Because the DOR's prohibition of split deliveries is not a rule as defined by OCGA § 50-13-10, the DOR did not waive sovereign immunity and was not subject to suit. Therefore, the trial court erred in granting the Association's motion for summary judgment and should have granted DOR's motion to dismiss this count of the Association's complaint. Therefore, we vacate the trial court's grant of summary judgment to the Association and remand the case with instructions to dismiss this count of the Association's complaint. We do not address DOR's conclusion that split deliveries are illegal, as it is not properly before us.

*Judgment affirmed in Case No. A03A0474. Judgment vacated in Case No. A03A0475 and case remanded with direction. Ellington and Phipps, JJ., concur.*

DECIDED MAY 23, 2003 —

*Schulten, Ward & Turner, David L. Turner, Lou Litchfield,* for appellants.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, John B. Ballard, Jr., Senior Assistant Attorney General, William W. Banks, Jr., Assistant Attorney General, Troutman Sanders, Mark H. Cohen,* for appellee.

*Stack & Rogers, Ronald W. Rogers, Fred B. Kitchens, Jr.,* amici curiae.

---

[26] *Roy E. Davis & Co. v. Dept. of Revenue,* 256 Ga. 709 (353 SE2d 195) (1987).