**SECOND DIVISION**
**ANDREWS, P. J.,**
**MCFADDEN and RAY, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules/**

**March 19, 2015**

# In the Court of Appeals of Georgia

A14A2352. OLVERA et al. v. UNIVERSITY SYSTEM OF GEORGIA'S BOARD OF REGENTS et al.

MCFADDEN, Judge.

Non-citizen college students who are beneficiaries of the federal Deferred Action for Childhood Arrivals program ("DACA") brought an action against the University System of Georgia's Board of Regents and its members in their official capacities (collectively, "the Board") seeking a declaration that they were entitled to in-state tuition at institutions in the University System of Georgia. The trial court granted the Board's motion to dismiss on the ground that sovereign immunity bars the action. We agree and affirm. Accordingly, we do not reach the merits of the action.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law. Factual findings are sustained

if there is evidence supporting them, and the burden of proof is on the party seeking the waiver of immunity." *Board of Regents &c. of Georgia v. Canas*, 295 Ga. App. 505, 509 (3) (672 SE2d 47) (2009) (citation and punctuation omitted).

In their declaratory judgment petition, the students alleged that their status as DACA beneficiaries rendered them lawfully present in the United States. They further alleged that the Board's policy manual required students to provide verification of their lawful presence in the United States before being classified as in-state students for tuition purposes. And they alleged that the Board had not defined "lawful presence" for the purpose of its policy manual. The students alleged that the Board has "refus[ed] to confer in-state tuition benefits to Georgia college students[] who have obtained lawful presence in the United States through DACA[.]" They sought a declaration that they "and other similarly situated DACA approved students[] who would otherwise qualify for in-state tuition benefits are entitled to those benefits[.]"

Arguing that sovereign immunity barred the declaratory judgment action, the Board moved for the trial court to dismiss it. The trial court agreed and granted the motion to dismiss, reasoning among other things that sovereign immunity extends to declaratory judgment actions and that the provision in the Administrative Procedure Act authorizing declaratory judgment actions against state agencies to determine the

validity of agency rules, OCGA § 50-13-10, did not waive sovereign immunity in actions concerning "interpretive rules."

We agree with the trial court that sovereign immunity bars this action. Our state constitution provides that, with certain exceptions not relevant to this case, sovereign immunity "extends to the state and all of its departments and agencies." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). Accordingly, sovereign immunity extends to the Board of Regents. *Wilson v. Bd. of Regents &c. of Georgia*, 262 Ga. 413, 414 (3) (419 SE2d 916) (1992); *Carroll v. Bd. of Regents &c. of Georgia*, 324 Ga. App. 598, 602 (2) (751 SE2d 421) (2013); *Bd. of Regents &c. of Georgia v. Ruff*, 315 Ga. App. 452, 456 (2) (726 SE2d 451) (2012). It also extends to individual members of the Board when, as here, they are sued in their official capacities. See *Georgia Dept. of Natural Resources v. Center for a Sustainable Coast*, 294 Ga. 593, 599 (2) (755 SE2d 184) (2014) (plain language of Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e) applies to the state and its officers and employees when sued in their official capacities); *Cameron v. Lang*, 274 Ga. 122, 126 (3) (549 SE2d 341) (2001) (sovereign immunity applies to public employees sued in their official capacities). And sovereign immunity extends to declaratory judgment actions against state agencies. See *Judicial Council of Georgia v. Brown & Gallo, LLC*, 288 Ga. 294, 298 (702 SE2d 894) (2010);

3

*DeKalb County School Dist. v. Gold*, 318 Ga. App. 633, 637, 640 (1) (a) (734 SE2d 466) (2012); *Live Oak Consulting v. Dept. of Community Health*, 281 Ga. App. 791, 796 (1) (637 SE2d 455) (2006).

It is true that sovereign immunity can be waived. But it "can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). See *Center for a Sustainable Coast*, 294 Ga. at 603 (2). And it is true that in OCGA § 50-13-10 of the Administrative Procedure Act , OCGA § 50-13-1 et seq., the General Assembly specifically waived the state's sovereign immunity for certain declaratory judgment actions against state agencies. *Gold*, 318 Ga. App. at 637 (1) (a). But that waiver is not applicable here. It

> authorizes a superior court to accept an action for a declaratory judgment on the validity of rules of a state agency, and for the state agency to be made a party with service of the petition on the attorney general. Thus, the state has consented to suit in actions alleging necessity of a declaratory judgment on validity of rules of state agencies.

*Georgia State Bd. of Dental Examiners v. Daniels*, 137 Ga. App. 706, 707 (1) (224 SE2d 820) (1976) (citations omitted) (construing earlier version of OCGA § 50-13-10).

4

The waiver in OCGA § 50-13-10 only applies to actions determining the validity of rules adopted by agencies under the rule-making procedures of Administrative Procedure Act. See *Daniels*, 137 Ga. App. at 708-709; see also OCGA § 50-13-4 (setting forth procedural requirements for adoption of agency rules). Our Supreme Court has held that an agency requirement that has "never been enacted as a . . . rule pursuant to the APA" is not a "rule" within the meaning of OCGA § 50-13-10 but rather an "interpretive rule" not subject to review in a declaratory judgment action under that Code section. *Roy E. Davis & Co. v. Dept. of Revenue*, 256 Ga. 709, 711 (353 SE2d 195) (1987). See also *Georgia Oilmen's Assn. v. Georgia Dept. of Revenue*, 261 Ga. App. 393, 400-401 (582 SE2d 549) (2003) (agency policy was "interpretive rule" not subject to OCGA § 50-13-10 because it was not an independently promulgated agency rule but merely the agency's interpretation of existing laws).

The trial court correctly treated the Board's policies regarding non-citizen eligibility for in-state tuition as falling outside the waiver of sovereign immunity found in OCGA § 50-13-10. The students have not met their burden of showing that the policies at issue were agency rules adopted pursuant to the Administrative Procedure Act 's rule-making procedures and thus subject to OCGA § 50-13-10's

5

waiver, rather than "interpretive rules" exempt from OCGA § 50-13-10. See *Carroll*, 324 Ga. App. at 603 (3) (plaintiff bears burden of proving waiver of sovereign immunity). Accordingly, the trial court did not err in finding that sovereign immunity barred the action. See *Georgia Oilmen's Assn.*, 261 Ga. App. at 401.

*Judgment affirmed. Andrews, P. J., and Ray, J., concur.*