In the Supreme Court of Georgia

Decided: February 1, 2016

S15G1130. OLVERA et al. v. UNIVERSITY SYSTEM OF GEORGIA'S BOARD OF REGENTS et al.

MELTON, Justice.

In this case, a group of college students, including Miguel Angel Martinez Olvera, who are not United States citizens and who are grant beneficiaries of the Deferred Action for Childhood Arrivals program (DACA) filed a declaratory judgment action against the University System of Georgia's Board of Regents and its members in their official capacities (collectively, the Board) seeking a declaration that they are entitled to in-state tuition at schools in the University System of Georgia. The trial court granted the Board's motion to dismiss on the ground that sovereign immunity bars the action, and the Court of Appeals affirmed the trial court. Olvera v. Univ. Sys. of Georgia's Bd. of Regents, 331 Ga. App. 392 (771 SE2d 91) (2015). We affirm.

As set forth by the Court of Appeals,

in their declaratory judgment petition, the students alleged that their

status as DACA beneficiaries rendered them lawfully present in the United States. They further alleged that the Board's policy manual required students to provide verification of their lawful presence in the United States before being classified as in-state students for tuition purposes. And they alleged that the Board had not defined "lawful presence" for the purpose of its policy manual. The students alleged that the Board has "refused to confer in-state tuition benefits to Georgia college students who have obtained lawful presence in the United States through DACA." They sought a declaration that they "and other similarly situated DACA approved students who would otherwise qualify for in-state tuition benefits are entitled to those benefits."

Arguing that sovereign immunity barred the declaratory judgment action, the Board moved for the trial court to dismiss it. The trial court agreed and granted the motion to dismiss, reasoning among other things that sovereign immunity extends to declaratory judgment actions and that the provision in the Administrative Procedures Act authorizing declaratory judgment actions against state agencies to determine the validity of agency rules . . . did not waive sovereign immunity in actions concerning "interpretive rules."

(Punctuation omitted.) Id. at 392–93. The Court of Appeals agreed with the trial court.

The sweep of sovereign immunity under the Georgia Constitution is broad. It provides:

Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments

2

and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

Ga. Const. Art. I, Sec. II, Par. IX (e). In Georgia Dept. Of Natural Resources v. Center for a Sustainable Coast, 294 Ga. 593 (755 SE2d 184) (2014), we recently explained the extensive nature of sovereign immunity.

> The plain and unambiguous text of the 1991 constitutional amendment shows that only the General Assembly has the authority to waive the State's sovereign immunity. [Gilbert v. Richardson, 264 Ga. 744, 748 (3) (452 SE2d 476) (1994)](subsection (e) of the amendment "confers upon the legislature the authority to waive sovereign immunity"); see also Woodard v. Laurens County, 265 Ga. 404 (1) (456 SE2d 581) (1995) ("A waiver of sovereign immunity is a mere privilege, not a right, and the extension of that privilege is solely a matter of legislative grace.").

Sustainable Coast, supra, 294 Ga. at 599 (2).[1] It is settled that the Board is an agency of the State to which sovereign immunity applies.

> The Board of Regents is the state agency vested with the governance, control, and management of the University System of Georgia. Ga. Const. Art. VIII, Sec. IV, Par. I (b). Therefore, . . . the board is an agency of the state to which sovereign immunity applies. Pollard v. Board of Regents [of the University System] of

---

[1] We note that sovereign immunity may also, in certain circumstances, be waived by our Constitution, itself. For example, the State has no sovereign immunity that would allow it to take private property without just compensation. See, e.g., Thomasville v. Shank, 263 Ga. 624 (1) (437 SE2d 306) (1993).

Ga., 260 Ga. 885 (401 SE2d 272) (1991).

Wilson v. Board of Regents of the University System of Georgia, 262 Ga. 413, 414 (3) (419 SE2d 916) (1992). Therefore, absent some exception, the Board is immune from the declaratory judgment action brought by the students.

The students argue that the Board's sovereign immunity is waived under OCGA § 50-13-10 (a) of the Georgia Administrative Procedure Act, which provides:

> The validity of any rule, waiver, or variance may be determined in an action for declaratory judgment when it is alleged that the rule, waiver, or variance or its threatened application interferes with or impairs the legal rights of the petitioner. A declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule, waiver, or variance in question.

This contention is misplaced. Even if we assume without deciding that the Board is subject to the APA,[2] the Board did not issue the residency requirements pursuant to the APA, and, in fact, the Board has never issued any rule pursuant to the APA. In addition, the Board's "policy [regarding residency requirements]

---

[2] We have employed this assumption without the necessity for actually making any such determination in a prior case. See Tompkins v. Board of Regents of the University System of Georgia, 262 Ga. 208 (417 SE2d 153) (1992).

was merely the agency's interpretation of [an internal manual], not an independently promulgated agency rule, and did not bring plaintiff within the scope of OCGA § 50-13-10." (Citation and punctuation omitted.) Georgia Oilmen's Ass'n v. Dept. of Revenue, 261 Ga. App. 393, 400 (582 SE2d 549) (2003). As such, the residency requirements challenged by the students is

> not a "rule" within the purview of § 50-13-10. . . . [The residency requirements have] never been enacted as a [Board] rule pursuant to the APA. Therefore, the [residency requirements constitute] an "interpretive rule" [that falls within an exception to the procedural requirements of the APA pursuant to OCGA §§ 50-13-3 and 50-13-4,] not a "rule" [subject to the APA] within the meaning of § 50-13-10."

Roy E. Davis & Co. v. Dept. of Revenue, 256 Ga. 709, 711 (353 SE2d 195) (1987). See also, Georgia Oilmen's Ass'n, supra. Therefore, the students' contention that their declaratory judgment action is authorized by OCGA § 50-13-10 fails, and the students have pointed to no other source of law containing an explicit waiver of the Board's sovereign immunity in this matter.[3] Accordingly, the trial court correctly dismissed the students' declaratory

---

[3] We note that the students' action regards only the proper interpretation of terminology in a policy manual, not its very constitutionality.

judgment action, as found by the Court of Appeals.[4]

As we did in Sustainable Coast, supra, we note that

> [o]ur decision today does not mean that citizens aggrieved by the unlawful conduct of public officers are without recourse. It means only that they must seek relief against such officers in their individual capacities. In some cases, qualified official immunity may limit the availability of such relief, but sovereign immunity generally will pose no bar. See IBM v. Evans, 265 Ga. [215, 220–222 (453 SE2d 706) (1995)] (Benham, P.J., concurring in part and dissenting in part).

Sustainable Coast, supra, 294 Ga. At 603 (2). At this point in time, however, the students have not attempted to follow this route.

Judgment affirmed. All the Justices concur.

---

[4] In past cases, where the question of whether this sort of declaratory judgment action against the State is barred by the doctrine of sovereign immunity under our current Constitution has actually been raised as an issue, we have pretermitted the question. See, e.g., Southern LNG, Inc. v. MacGinnitie, 294 Ga. 657, 659 n.5 (755 SE2d 683) (2014) (719 SE2d 473) (2011); Jenkins v. Walker, 287 Ga. 783 (700 SE2d 362) (2010); Georgia Council of Professional Archeologists v. Board of Regents, 271 Ga. 757 (523 SE2d 879) (1999). In this opinion, we squarely address that question and find that declaratory judgment actions of this type are, in fact, barred by the doctrine of sovereign immunity.