**FOURTH DIVISION**
**DOYLE, P. J.,**
**COOMER and MARKLE, JJ.**

**NOTICE: Motions for reconsideration must be** *physically received* **in our clerk's office within ten days of the date of decision to be deemed timely filed.**
**http://www.gaappeals.us/rules**

**October 22, 2019**

# In the Court of Appeals of Georgia

A19A0862. GEORGIACARRY.ORG, INC. et al. v. BORDEAUX et al.

COOMER, Judge.

GeorgiaCarry.Org, Inc. ("GeorgiaCarry"), William Theodore Moore, III, and Shane Montgomery appeal the dismissal of their complaint against Thomas C. Bordeaux, Jr., a Chatham County probate court judge, seeking a writ of mandamus and declaratory relief regarding the issuance of weapons carry licenses. On appeal, GeorgiaCarry, Moore, and Montgomery contend that the trial court erred in dismissing the case by ruling that (1) the claims of Moore and Montgomery were moot; (2) GeorgiaCarry does not have standing; (3) the claims against Bordeaux in his official capacity are barred by sovereign immunity; and (4) the claims against

Bordeaux in his individual capacity are barred by judicial immunity. Because judicial immunity does not bar claims for declaratory relief, we reverse.

"We review a trial court's grant of a motion to dismiss under a de novo standard. A motion to dismiss may be granted only where a complaint shows with certainty that the plaintiff would not be entitled to relief under any state of facts that could be proven in support of his claim." *Viola E. Buford Family Ltd. Partnership v. Britt*, 283 Ga. App. 676, 676 (642 SE2d 383) (2007) (citations and punctuation omitted).

On April 27, 2018, the appellants filed a complaint seeking a writ of mandamus and declaratory relief against Bordeaux in the Superior Court of Chatham County. In the complaint, the appellants alleged that the maximum amount of time allowed by law for processing a weapons carry license application is 35 days; that Bordeaux routinely does not process weapons carry licenses for GeorgiaCarry's members and other residents of Chatham County within 35 days of the filing of the application or within 10 days of receiving the background report; and that by failing to process weapons carry licenses within the time allowed by law, Bordeaux is violating OCGA § 16-11-129 (d) (4). The appellants further alleged that on October 13, 2017, Montgomery applied for a weapons carry license with Bordeaux; that on February 2,

2

2018, Moore applied for a weapons carry license with Bordeaux; and that neither Moore nor Montgomery had been issued weapons carry licenses at the time the complaint was filed. However, Moore and Montgomery both received their weapons carry licenses at some point before August 7, 2018.

Bordeaux filed a motion to dismiss. After a hearing on the motion on August 7, 2018, the trial court dismissed the case. This appeal followed.

1. The appellants contend that the trial court erred by ruling that the claims of Moore and Montgomery were moot because they had received their weapons carry licenses. We find no error.

The trial court found that the appellants' request for a writ of mandamus was moot because Moore and Montgomery had received their weapons carry licenses. However, the trial court did not find that the appellants' request for a declaratory judgment was moot.

> Mandamus is an extraordinary remedy to compel a public officer to perform a required duty when there is no other adequate legal remedy. . . . In general, mandamus relief is not available to compel officials to follow a general course of conduct, perform a discretionary act, or undo a past act. Furthermore, once the public duty has occurred, the prayer that mandamus be issued compelling a public officer to perform that public duty is moot.

3

*R.A.F. v. Robinson*, 286 Ga. 644, 646 (1) (690 SE2d 372) (2010) (citations and punctuation omitted).

Although it is not clear from the record when Moore and Montgomery received their weapons carry licenses, the parties do not dispute that Moore and Montgomery received their weapons carry licenses at some point before the August 7, 2018 hearing in this case. Consequently, we agree with the trial court that the appellants' request for a writ of mandamus is now moot as it pertains to Moore and Montgomery. See *GeorgiaCarry.Org, Inc. v. James*, 298 Ga. 420, 424 (2) (782 SE2d 284) (2016) (mandamus action moot from the outset as to weapons license holder who received a new weapons license before the filing of the mandamus action); see also *Moore v. Cranford*, 285 Ga. App. 666, 666 (647 SE2d 295) (2007) (mandamus action was rendered moot because probate court issued firearms license).

The appellants argue that Moore and Montgomery still have an interest in the process and the timely issuance of weapons carry licenses because a weapons carry license is only valid for five years, and Moore and Montgomery will have to apply again. The appellants also invoke "the well-established but narrow exception to mootness for disputes that are capable of repetition, yet evading review." *Owens v. Hill*, 295 Ga. 302, 305 (1) (758 SE2d 794) (2014) (citation and punctuation omitted).

If the trial court had found that the appellants' claim for declaratory relief was moot, this argument might be persuasive. See *Moore*, 285 Ga. App. at 666 (although mandamus action was moot because firearms license applicant received his firearms license, superior court found that the "'issue is one that is capable of repetition and will evade review'" and did not dismiss claim for declaratory and injunctive relief). Because the trial court did not find that the appellants' request for a declaratory judgment is moot, the dispute will not evade review.

2. The appellants next contend that the trial court erred by finding that GeorgiaCarry did not have standing. This argument has no merit.

In its order dated September 4, 2018, the trial court ruled that "GeorgiaCarry.Org is not an authorized person to seek a writ of mandamus." The trial court made no finding as to whether GeorgiaCarry had standing to seek a declaratory judgment. On appeal, the appellants argue that GeorgiaCarry is seeking a declaratory judgment, not a writ of mandamus. To the extent our holding in Division 4 reinstates the declaratory judgment action, the question of GeorgiaCarry's standing to bring that action is not ripe for our determination. The appellants contend that only Moore and Montgomery are seeking a writ of mandamus in the present case. Consequently, the

appellants' argument, which is based on the trial court's determination that GeorgiaCarry is not an authorized person to bring a mandamus action, fails.

3. The appellants next contend that the trial court erred in finding that Bordeaux, in his official capacity, has sovereign immunity. We disagree.

The trial court found that the appellants' request for declaratory judgment against Bordeaux in his official capacity would be barred by the doctrine of sovereign immunity. "Simply put, the constitutional doctrine of sovereign immunity forbids our courts to entertain a lawsuit against the State without its consent." *Lathrop v. Deal*, 301 Ga. 408, 408 (801 SE2d 867) (2017). The Georgia Constitution provides:

> Except as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies. The sovereign immunity of the state and its departments and agencies can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

Ga. Const. Art. I, Sec. II, Par. IX (e). "Sovereign immunity applies to public employees sued in their official capacities because these are in reality suits against the state." *Georgia Dept. of Natural Resources v. Center for a Sustainable Coast, Inc.*, 294 Ga. 593, 599 n. 4 (755 SE2d 184) (2014) (citation and punctuation omitted).

6

Sovereign immunity extends to suits for declaratory relief. *Olvera v. Univ. System of Ga. Board of Regents*, 298 Ga. 425, 428 n.4 (782 SE2d 436) (2016).

The appellants argue that sovereign immunity has been waived because OCGA § 16-11-129 (j) creates a private right of action for an eligible weapons carry license applicant who does not receive a weapons carry license within the time period required by law. OCGA § 16-11-129 (j) provides, in relevant part:

> When an eligible applicant fails to receive a license, temporary renewal license, or renewal license within the time period required by this Code section and the application or request has been properly filed, the applicant may bring an action in mandamus or other legal proceeding in order to obtain a license, temporary renewal license, or renewal license.

The appellants also argue that when an official fails or refuses to perform an official duty requiring no exercise of discretion, any person who sustains personal injury as a result is entitled to mandamus relief, and that such an action is not barred by sovereign immunity regardless of whether the State has waived sovereign immunity.

However, the trial court made no finding about whether the appellants' request for a writ of mandamus would be barred by sovereign immunity. As previously stated, the trial court dismissed Moore and Montgomery's mandamus claims as moot. It dismissed GeorgiaCarry's mandamus action because the entity lacked standing to

7

bring that action. The appellants' arguments on appeal do not address the trial court's finding that sovereign immunity bars the appellants' request for declaratory relief. The trial court did not err in finding that sovereign immunity bars the appellants' request for declaratory relief against Bordeaux in his official capacity. See *Olvera*, 298 Ga. at 428 n.4

4. Next, the appellants contend that the trial court erred by finding that Bordeaux was protected by judicial immunity in his individual capacity. We agree.

"Our courts have consistently held that judges are immune from liability in civil actions for acts performed in their judicial capacity." *Smith v. Hancock*, 150 Ga. App. 80, 80 (256 SE2d 627) (1979) (citations omitted). "There are two grounds on which a judge will be denied the absolute protection of judicial immunity: (1) committing an act that is nonjudicial in nature; or (2) acting in the 'complete absence of all jurisdiction.'" *Withers v. Schroeder*, 304 Ga. 394, 397 (2) (819 SE2d 49) (2018) (citations omitted). The trial court found that Bordeaux was protected by judicial immunity because he was acting in his official capacity as part of his official duty of issuing gun permits. "Although judges are immune from liability in civil actions seeking damages for acts performed in their judicial capacity, this immunity does not bar claims for declaratory or injunctive relief." *Moore*, 285 Ga. App. at 666, n. 2

8

(citation omitted). Thus, the trial court erred in finding that the appellants' claim for declaratory relief against Bordeaux in his individual capacity is barred by judicial immunity.

The trial court also found that the appellants' claims against Bordeaux in his individual capacity were not proper because Bordeaux issues licenses in a judicial capacity, not in his individual capacity. Accordingly, the trial court held that there was no claim against Bordeaux in his individual capacity. However, in *Olvera*, the Supreme Court noted that public officers can be sued in their individual capacities for declaratory relief even though sovereign immunity bars an action for declaratory relief brought against them in their official capacity. 298 Ga. at 428. "A suit against a State officer or agent as an individual is not one against the State. Consequently, where State officers or agents are sued personally, the suit is generally maintainable . . . for acts done in violation of a statute, or under an unconstitutional statute, or for acts otherwise unauthorized and illegal." *Florida State Hosp. v. Durham Iron Co.*, 194 Ga. 350, 353 (3) (a) (21 SE2d 216) (1942). Here, the appellants alleged in their complaint that by failing to process weapons carry licenses within the time allowed by law, Bordeaux is violating OCGA § 16-11-129 (d) (4). Consequently, the trial

9

court erred in holding that there is no claim against Bordeaux in his individual capacity.

*Judgment reversed. Doyle, P. J., and Markle, J., concur*.