**SECOND DIVISION**
**MERCIER, C. J.,**
**MCFADDEN, P. J. and RICKMAN, P. J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

**February 28, 2025**

# In the Court of Appeals of Georgia

A23A1460. MONTGOMERY COUNTY v. ROUNTREE et al.

RICKMAN, Presiding Judge.

Montgomery County moved to dismiss this tort action on the ground that it had not waived sovereign immunity. The trial court denied the motion, we granted Montgomery County's application for interlocutory appeal, and Montgomery County filed this appeal. For the following reasons, we reverse.

"We review de novo a trial court's ruling on a motion to dismiss based on sovereign immunity grounds, which is a matter of law." (Citation and punctuation omitted.) *Olvera v. Univ. System of Ga.'s Bd. of Regents*, 331 Ga. App. 392, 393 (771 SE2d 91) (2015).

So viewed, the record shows that Laura Alisa Rountree and Kip Wilcher filed this action in Toombs County Superior Court against multiple defendants, including Montgomery County and Toombs County, for injuries Rountree sustained when an ambulance collided with her car and for Wilcher's loss of consortium. Although Toombs County owned the ambulance and the allegedly negligent ambulance driver was not an employee of Montgomery County, the plaintiffs named Montgomery County as a defendant because Toombs County and Montgomery County had entered an intergovernmental agreement to create and operate an ambulance service.

Montgomery County moved to dismiss the complaint as against it on the ground that it had not waived sovereign immunity. The superior court denied the motion to dismiss. We granted Montgomery County's application for interlocutory appeal, and it filed a notice of appeal.[1]

---

[1] We transferred the appeal to our Supreme Court on the ground that jurisdiction may lie there "[b]ecause the trial court held, in essence, that Montgomery County's reading of OCGA § 36-92-4 (g)[, which concerns a venue-related condition for waiving sovereign immunity,] would violate the joint-tortfeasor venue provision of the Georgia Constitution. . . ." The Supreme Court returned the case to us, holding that the plaintiffs had not raised any constitutional provision in the trial court sufficiently so to invoke Supreme Court jurisdiction.

1. Montgomery County argues that the trial court erred by denying its motion to dismiss the complaint due to its finding that if the ambulance that hit Rountree was leased by Montgomery County, it would be a "covered" motor vehicle so that sovereign immunity would be waived up to the limits provided under OCGA § 36-92-2. Sovereign immunity absolutely bars any claims against counties unless it is "waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." Ga. Const. of 1983, Art. I, Sec. II, Par. IX (e). See also OCGA § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute."). "And any waiver of sovereign immunity must be established by the party seeking to benefit from that waiver." (Citation and punctuation omitted.) *Conway v. Jones*, 353 Ga. App. 110, 112 (1) (836 SE2d 538) (2019).

OCGA § 36-92-2 provides for a limited waiver of local government entities' (including counties') sovereign immunity for losses arising out of claims for the negligent use of a "covered" motor vehicle. OCGA § 36-92-1 (2) defines a "covered" motor vehicle as either "(A) Any motor vehicle owned by the local government entity; [or] (B) Any motor vehicle leased or rented by the local government entity." OCGA

3

§ 11-2A-103 (1) (j) defines a "lease" as "a transfer of the right to possession and use of goods for a term in return for consideration . . . ." Rountree, relying on OCGA § 11-2A-103 (1) (j), contends that the ambulance owned by Toombs County was leased by Montgomery County. In its order, the trial court cited OCGA § 11-2A-103 (1) (j) and implicitly concluded that Montgomery County had leased the ambulance owned by Toombs County, denying the motion to dismiss and stating that the agreement "provided that the vehicle owned by Toombs [County] became used on behalf of both counties. It was available for use on behalf of Montgomery County in consideration of the fees paid by Montgomery County."

After a careful review of the agreement, we conclude that the ambulance owned by Toombs County was not leased by Montgomery County. Under the terms of the agreement, Toombs County agreed to furnish advanced life support ambulance and emergency medical services to the residents of Montgomery County. Toombs County agreed to "manage all day-to-day operations, including field operations, billing, collections, purchasing and all other operational functions of an ambulance service." Toombs County expressly agreed "to manage the actual delivery of ambulance and emergency medical services within Montgomery County[.]" Toombs County was

solely responsible for employing, training, and managing all personnel necessary for the operation of the ambulance service. The agreement specifically provided that all such personnel would be the sole employees of Toombs County and not Montgomery County, and that the means and manner of providing the required services would be the sole responsibility of Toombs County. Montgomery County agreed to pay specified annual contract amounts to Toombs County "as monetary support and in order to particularly compensate Toombs [County] for its service to Montgomery [County]."

Montgomery County agreed to furnish to Toombs County a fully equipped and stocked ambulance, which would be returned to Montgomery County at the end of the term of the contract. Toombs County also agreed to furnish a fully equipped and stocked ambulance as a back-up ambulance. The agreement provided that Toombs County would be solely responsible for the maintenance and fuel expenses of "all ambulances used in providing [the ambulance] services[.]"

Significantly, although Montgomery County agreed to furnish an ambulance *to Toombs County*, Toombs County did not agree to furnish its ambulance *to Montgomery County*. Toombs County agreed to provide ambulance services using both the

ambulance provided by Montgomery County and the ambulance provided by Toombs County, but Toombs County did not transfer the right to possession and use of its ambulance to Montgomery County. Consequently, we conclude that Montgomery County did not lease the ambulance owned by Toombs County. See OCGA § 11-2A-103 (1) (j). Thus, Rountree has not established that the ambulance involved in the collision is a "covered" motor vehicle as to Montgomery County, and the trial court erred in denying Montgomery County's motion to dismiss. See *Conway*, 353 Ga. App. at 112 (1) (because plaintiff failed to establish that sovereign immunity had been waived, the trial court erred in not dismissing claims).

2. As a result of our holding in Division 1, we need not address Montgomery County's remaining enumeration of error.

*Judgment reversed. Mercier, C. J., and McFadden, P. J., concur.*