### IN THE

## SUPREME COURT OF THE STATE OF GEORGIA,

# AT MILLEDGEVILLE,

## NOVEMBER TERM, 1855.

Present—JOSEPH H. LUMPKIN,
EBENEZER STARNES, } *Judges.*
HENRY L. BENNING.

---

**No. 30.**—REUBEN and CHARLES JORDAN, plaintiffs in error, *vs.* JOHN W. PORTERFIELD, defendant in error.

[1.] A *ca. sa.* which was erroneously dated, so that at the time it was dated, the person in whose name it bore *teste* was not a Judge of the Court from which it issued, is not void, but only irregular; and a Sheriff will not be protected who refuses, on this ground, to execute it.

Rule *vs.* Sheriff, in Madison Superior Court. Decision by Judge ANDREWS, at March Term, 1855.

A *ca. sa.* in favor of Reuben and Charles Jordan *vs.* Jefferson Culbertson, was placed in the hands of the Sheriff of Madison County. The Sheriff arrested Culbertson and discharged him, on his giving bond, conditioned "that in the event

Culbertson should be cast in said suit, they should well and truly pay the condemnation money," &c.   At March Term, 1855, a rule *nisi* was granted against the Sheriff, to show cause why he should not pay over the amount due on said *ca. sa.*   The Sheriff made return, showing various grounds, all of which were over-ruled by the Court, except the following: "Because the *ca. sa.* bears test in the name of Garnett Andrews, who, at the date of its issue, was not one of the Judges of the Superior Courts of said State ;" which ground was sustained, and the rule refused.   To this decision plaintiffs' Counsel excepted.

Plaintiffs' Counsel proposed to prove that the *ca. sa.* bore a wrong date, by a clerical mistake, and that it was actually issued in December, 1854; and also moved to amend the *ca. sa.* as to this clerical mistake.   All of which was refused by the Court, and plaintiffs excepted.

Upon these exceptions, error is assigned.

T. W. THOMAS; T. R. R. COBB, for plaintiffs in error.

PEEPLES; COBB & HULL, for defendant in error.

*By the Court.*—STARNES, J. delivering the opinion.

Requiring this record to speak strictly for itself, it shows nothing more than a defect in the *teste* of this *ca. sa.*   If the Sheriff was to know that Garnett Andrews was not Judge of the Superior Court in December, 1852, (the date of the process,) he should be required also to have known that this was a mere defect in the *teste* of the *ca. sa.*; that this *teste* was mere matter of form—not a substantial portion of the execution, and that the defect was therefore merely an irregularity, and did not vitiate that process.

In such cases of mere irregularity of process, an officer refuses to act, upon his peril.

We think the natural presumption in this case was, that there was a clerical mistake as to the date, and if the Sheriff

found that this defect was an obstacle in the way of executing the process, it was his duty to have brought it to the attention of the Clerk, in which event, the mistake might have been remedied.   The idea of permitting him to shelter himself under such a plea, on account of failure to take a proper bond, ·cannot be tolerated for a moment.

Judgment reversed.