GLADDEN, sheriff, *vs*. J. L. & R. H. COBB.

[Jackson, Chief Justice, not presiding, on account of providential cause.]

|    |     |
|----|-----|
| 73 | 235 |
| 116 | 752 |
| 73 | 235 |
| 126 | 132 |

1. A movant in a rule against a sheriff is not required to support his execution by the production of the record including the judgment from which the *fi. fa.* issued.

(*a.*) On a proceeding to foreclose a lien on personalty, a failure to show a demand within twelve months after the claim fell due did not make the process a nullity, but rendered it voidable, and the defect could have been taken advantage of by the defendant or his creditors by counter-affidavit, but not by the sheriff on a rule based on his failure to collect the *fi. fa.*

(*b.*) A sheriff who refuses to collect a *fi. fa.* because it issued upon an irregular proceeding will not be protected from a rule on that ground.

2. The bare fact that the sheriff had been served with an injunction about four years before, did not protect him from a rule, where he permitted the property to leave his possession and did not make the money. The sheriff was chargeable by the levy with the property levied on, and it was incumbent on him to show that it had gone lawfully out of his possession, which he failed to do.

(*a.*) The writ of injunction was tendered in evidence without the bill on which it issued or any exemplification of the record in the case, and it was impossible for the court to know from the writ itself and the recitals it contained what it prohibited the sheriff and his co-defendants from doing. A part of the record should not have been received, or if received, should not have been acted on.

(*b.*) To shield a sheriff from liability for failing to realize money under a levy made by him, it is not sufficient to set up that he acted honestly and in good faith and intended no disobedience of the precept of the court. Whether he did so or not, is not to be judged

of by himself, but by the court, and courts are slow to accept ignorance of law as an excuse for official misconduct.

3. This case having been brought to this court for delay only, ten per cent damages are awarded against the plaintiff in error.

October 2, 1884.

Sheriffs Evidence. Liens. Injunction. Levy and Sale. Nullities. Practice in Supreme Court. Before Judge Bower. Calhoun Superior Court. December Term; 1883.

Reported in the decision.

D. A. Vason; J. J. Beck, for plaintiff in error.

C. B. Wooten, for defendants.

Hall, Justice.

The sheriff was ruled to bring into court a certain *fi. fa.*, with his actings and doings thereon, which had been placed in his hands, and levied on seven bales of cotton on the 15th day of December, 1873. It was alleged in the motion for the rule that the cotton had never been sold, or in any way accounted for. He was required to show cause why he should not pay the *fi. fa.*, or in default thereof, why he should not be attached. In response to the rule served upon him, he showed for cause that he levied the *fi. fa.*, as charged against him, and left the cotton, after levying upon it, with one Bell, to take charge of and hold it subject to his order  Admits he never sold the cotton, because the advertising fees were not tendered, and because he was served with an injunction issuing out of the district court of the United States for the southern district of Georgia, sitting in bankruptcy, and in which court the defendant in execution had filed his petition to be declared a bankrupt, forbidding him from interfering with the cotton levied on; that the injunction, as he was advised and believed, was then pending and undetermined;—this was four years

and more after the service was made on him ; that by some agreement between plaintiff and defendant, plaintiff took charge of and carried away two bales of the cotton they levied on, without his knowledge and consent; and because the remaining five bales were seized and taken by defend-ant's assignee in bankruptcy and carried off and disposed of without his knowledge or consent; that, although he was diligent, he did not ascertain that the cotton had been removed until after it had been disposed of; and lastly, be-cause the judgment upon which plaintiff's *fi. fa.* issued was void, in that it was to enforce a merchant's lien, and that it issued illegally ;—for what reason, does not appear in the original or any of the amended answers sent up in the record. All the grounds of this showing were traversed by the plaintiff, and upon the trial of the issue thus formed, the jury returned a verdict in favor of the plaintiff for $195, with interest from 15th of March, 1874. For this amount the court made the rule absolute.

No motion was made for a new trial. Respondent's counsel made various requests to the court to charge, but none of them were given. There are quite a number of ex-ceptions to the charge of the court. At the hearing before this court, the following questions were made and argued:

(1.) That the court erred in refusing to compel the movant in the rule to put in evidence with his *fi. fa.* the proceedings on which it was founded.

(2.) Because, when the proceedings were put in evidence by the respondent, it was shown that no demand was made upon the defendant within twelve months after the claim fell due; that for this reason the proceeding was void, and the respondent was not bound to execute a void process, and was not to be held responsible, under the rule, for failing therein.

(3.) Because he was restrained by the injunction issuing from the district court of the United States, sitting in bank-ruptcy, and was thereby protected from the rule, and it was incumbent upon the movant to show, before he could

maintain this proceeding, that the injunction had been dissolved.

The ground that the advertising fees had not been paid or tendered, if entitled to consideration under the facts set forth in the proceeding, was effectually disposed of by the evidence adduced on the trial of the issue, and was not insisted on in the argument before this court.

1. For convenience, the questions made by the first and second exceptions will be considered together. The response to the plaintiff's rule did not set forth any fact showing that the *fi. fa.* issued upon a void judgment, but alleged generally that it was void. The evidence introduced by the respondent showed that the proceeding was irregular and defective. There is no rule or principle, of which we are aware, requiring a movant in a rule against the sheriff to support his execution by the production of the record, including the judgment from which the execution issued. In this case, the respondent was treated with great indulgence, when he was permitted to introduce these proceedings in evidence, as there was no specific allegation in his showing under which they ought to have been admitted. The tribunal enforcing this lien had jurisdiction both of the party and subject-matter of the suit. If there had been any defect in the proceedings, the defendant in the same, or any creditor of his, could, by counter-affidavit, have arrested and set them aside (Code, §1991, and citations); but no provision is made by which an officer, executing the process, can do so; the right is confined to the defendant and his creditors. This defect does not render the process a nullity, but makes it voidable at the option of the defendant or his creditors, and a sheriff who refuses to collect a *fi. fa.* because it issued upon an irregular proceeding will not be protected from a rule on that ground. "The idea of permitting him," says this court, "to shelter himself under such a plea cannot be tolerated for a moment." 19 *Ga.*, 139, 141; see also 56 *Ga. R.*, 612. 4th head-note, and 616.

2. The bare fact of being served with the injunction in question, does not afford him protection; he should have looked after this process, and have seen what disposition had been made of it, and should not have imposed that burden upon the plaintiff whose execution he had levied; at least, he should have been satisfied that it was finally disposed of before parting with the property. The injunction did not take the property levied on out of his possession, and he produced no order from the court issuing the injunction to dispose of it otherwise than by the levy. 69 *Ga.*, 92. The writ of injunction was alone tendered in evidence; without the bill on which it issued, there was no full exemplification of the record in the case, and it was impossible for the court to know, from the writ itself and the recitals it contained, what it prohibited the sheriff and his co-defendants from doing. For this reason a part of the record should not have been received, or if received, should not have been acted upon. 69 *Ga.*, 92. The writ, in this case, recites that the sheriff and others were combining and interfering with five bale of cotton, the property of the bankrupt, who was the defendant in execution, and enjoins them to desist from in any manner interfering and intermeddling with the five bales of cotton until the further order of the court. It does not appear, either from the recitals or mandate of this injunction, that these five bales of cotton were held under levy, or they were the same that had been seized under the execution in question (seven bales of cotton had been levied on); neither does it appear when the defendant filed his proceedings in bankruptcy, nor when there was an adjudication thereon; nor does it appear what disposition the bankrupt court made of the property enjoined, admitting it to be the cotton levied on. The sheriff was chargeable by this levy with the cotton, and it was incumbent on him to show that it had gone lawfully out of his possession, which he utterly failed to do. In short, a more flagrant instance of neglect in the care and custody of property in

the hands of an officer, under levy, than this, it would be difficult to conceive.

To shield himself from liability, it is not sufficient to set up that he acted honestly and in good faith, and intended no disobedience of the precept of the court. Whether he did so or not, is not to be judged of by himself, but by the court. What may have been his private thought and motive, we cannot certainly know, but we can see nothing in the facts that should have misled him in his duty. Courts are slow to accept ignorance of law as an excuse for official misconduct. 32 *Ga.*, 362. "An officer must be diligent as well as honest. Not only must he purpose and intend to perform his duty, but he must use his intelligence to discover what that duty is; and if his own intelligence is not sufficient to deal with as plain a case as this, he cannot safely dispense with counsel." *Charles vs. Foster*, 56 *Ga.*, 616. These sound views are strikingly appropriate to the present case. This respondent has been treated most indulgently by the lower court. Had the jury found against him the full value of the entire seven bales of cotton levied on, they would have done nothing more than their duty.

3. The case brought up by this writ of error is destitute of merit, and we can see no other purpose than delay in prosecuting it, and should fall short of our duty did we not, as we now do, award to the movant in the rule ten per cent damages.

Judgment affirmed.