THE SINGER SEWING MACHINE COMPANY *vs.* BARNETT, constable.

A constable cannot protect himself against a rule brought against him for not making the money due on a *fi. fa.* placed in his hands, on the ground that the execution did not follow the judgment under which it issued. It is the duty of a ministerial officer to execute every process placed in his hands which is regular and proper on its face and which is issued by a person having authority to do so; and the fact that it may be voidable because it does not follow the judgment, is no defence to him for failing to make the money thereunder.

April 20, 1886.

Constables. Officers. Executions. Levy and Sale. Before Judge FAIN. Whitfield Superior Court. October Term, 1885.

The Singer Sewing Machine Company ruled a former constable for failing to make the money on a *fi. fa.* The respondent answered, denying his liability. On the trial of the case, the court, over objection of the plaintiff's counsel, admitted in evidence the docket of the justice's court for the purpose of showing that the *fi. fa.* did not follow the judgment, the latter being for the principal, with interest from November 14, 1882, while the *fi. fa.* included interest from January 14, 1882. The court also charged to the effect that if the *fi. fa.* did not follow the judgment, the officer could set up this as a defence, and that he was not subject to rule for a failure to make the money thereunder. The jury found for the defendant and the plaintiff excepted.

W. C. GLENN, for plaintiff in error.

T. R. JONES, by brief, for defendant.

BLANDFORD, Justice.

The question here is, whether a constable can protect himself, under a rule, for not making the money due on a *fi. fa.* placed in his hands, on the ground that the *fi. fa.* did not follow the judgment upon which it was issued.

This court held in *Gladden, sheriff, vs. J. L. & R. H. Cobb*, decided at September term, 1884 (73 *Ga.*, 235), that a sheriff would not be protected, upon a rule against him, on the ground that the execution issued on an irregular proceeding, for not collecting the amount due on the execution. The execution in the present case is not void, but only voidable, and could have been amended. The officer is not a judicial, but a ministerial officer; he must execute all process placed in his hands which is regular and proper on its face and which is issued by a person having authority to do so. 19 *Ga.*, 139, 268.

Judgment reversed.