A90A0184. DEPARTMENT OF MEDICAL ASSISTANCE OF GEORGIA et al. v. BEVERLY ENTERPRISES, INC.
(395 SE2d 15)

BANKE, Presiding Judge.

The appellee, Beverly Enterprises, Inc., owns and operates nursing home facilities throughout Georgia and participates in the federal Medicaid program, administered in this state by the Department of Medical Assistance of the State of Georgia (DMA). Upon being notified by the DMA of a revision in the per diem medicaid rates applicable to certain of its facilities, the appellee sought administrative review of that decision. However, the DMA denied the application as untimely based on the appellee's asserted lack of compliance with certain rules governing the administrative appeal process as set forth in the DMA's "Policies and Procedures for Nursing Home Services Manual." The appellee then brought the present action in the Superior Court of Fulton County, seeking to appeal the DMA's decision and also to obtain certain declaratory relief pursuant to OCGA § 50-13-10 (a), which provides that an aggrieved party may bring a declaratory judgment action to challenge the "validity of any [agency] rule . . . when it is alleged that the rule or its threatened application interferes with or impairs the legal rights of the petitioner . . . whether or not the petitioner has first requested the agency to pass upon the validity of the regulation in question." Specifically, the appellee sought a determination that the DMA's rules were invalid because they violated due process and because the manner in which they had been promulgated was not in compliance with the Georgia Adminis-

trative Procedure Act (see OCGA §§ 50-13-4; 50-13-6; and 50-13-7), the DMA's enabling statute, or the agency's own rules.

After filing its complaint, the appellee served various requests for discovery on the DMA pursuant to Rule 34 of the Georgia Civil Practice Act (OCGA § 9-11-34). The DMA objected to these discovery requests, and the trial court ultimately issued an order compelling responses to them. The case is currently before us pursuant to our grant of the DMA's application for interlocutory review of that order. *Held*:

1. The Civil Practice Act has no application to appeals from administrative agency decisions. See *Hewes v. Cooler*, 169 Ga. App. 762 (315 SE2d 276) (1984). Accordingly, the validity of the discovery requests is dependent on whether the declaratory judgment count of the complaint states a judicially cognizable claim. Although the DMA made no such assertion in the trial court, it contends on appeal that a justiciable claim for declaratory relief has not been presented. As this issue goes to subject matter jurisdiction, we hold that it is properly before us notwithstanding the DMA's failure to raise it below. See generally *Kaylor v. Kaylor*, 236 Ga. 777 (225 SE2d 320) (1976).

2. As previously indicated, OCGA § 50-13-10 specifically provides that an aggrieved party may bring an action for declaratory relief to challenge the validity of a state agency's rules. See generally *Pope v. Cokinos*, 231 Ga. 79 (2) (200 SE2d 275) (1973). We reject the DMA's contention that the appellee's claim for declaratory relief is barred by the prior pendency of the administrative proceedings between the parties, since it does not appear that the validity of the DMA's rules was in issue during those proceedings, and since the DMA, having promulgated the rules, could not, in any event, be expected to provide a neutral forum in which to adjudicate a challenge to their validity. Pursuant to OCGA § 50-13-10 (a), " the state has consented to suit in actions alleging necessity of a declaratory judgment on validity of rules of state agencies." *Georgia State Bd. of Dental Examiners v. Daniels*, 137 Ga. App. 706, 707 (224 SE2d 820) (1976). It follows that the appellee's declaratory judgment action was properly before the court, with the result that the judge was authorized to compel responses to the discovery requests.

*Judgment affirmed. Birdsong and Sognier, JJ., concur. Cooper, J., disqualified.*

Decided May 11, 1990 —
Rehearing denied May 29, 1990 —

*Michael J. Bowers, Attorney General, H. Perry Michael, Executive Assistant Attorney General, Stephanie B. Manis, Deputy Attorney General, William C. Joy, Kathryn L. Allen, Senior Assistant At-*

*torneys General*, for appellants.

*Troutman, Sanders, Lockerman & Ashmore, Herbert D. Shell-house*, for appellee.