S90G1237. GEORGIA DEPARTMENT OF MEDICAL ASSISTANCE et al. v. BEVERLY ENTERPRISES, INC.
(401 SE2d 499)

BENHAM, Justice.

This appeal follows our grant of certiorari to consider the Court of Appeals' affirmance of the trial court's order compelling the Department of Medical Assistance of Georgia (DMA) to respond to requests for discovery filed in Beverly Enterprise's appeal under the Administrative Procedure Act (OCGA § 50-13-1 et seq.) of an administrative decision rendered by DMA. *Dept. of Medical Assistance v. Beverly Enterprises,* 195 Ga. App. 753 (395 SE2d 15) (1990).

1. Beverly's administrative appeal pursuant to the APA contained a request for declaratory judgment (OCGA § 50-13-10 (a)), as well as a petition for judicial review of the administrative decision (OCGA § 50-13-19). We initially granted certiorari to consider whether OCGA § 50-13-10 was applicable to DMA in light of OCGA § 49-4-153 (c). Upon consideration of the entire record, we conclude that the issue of the applicability of the APA to DMA need not be determined to resolve the merits of the appeal: whether it was error to compel DMA to respond to discovery requests made pursuant to the action for declaratory judgment.

2. OCGA § 50-13-10 (a), under which Beverly proceeded in its action for declaratory judgment, permits an action in which the validity of any "rule" may be determined. "Rule" is statutorily defined as

each agency regulation, standard, or statement of general applicability that implements, interprets, or prescribes law or policy or describes the organization, procedure, or practice requirements of any agency. The term . . . does not include. . . . (I) Rules relating to loans, grants, and benefits by the state or of an agency. . . . [OCGA § 50-13-2 (6) (I).]

Beverly's declaratory judgment action asserted that a DMA publication, Policies and Procedures for Nursing Home Services, with which Beverly did not comply in seeking a review of a rate decision by DMA, was invalid because it was not promulgated in accordance with the APA. The preface to the manual states that it contains "the terms and conditions for receipt of medical assistance reimbursement in Georgia." Since the manual's terms and conditions relate to "benefits by the state or of an agency," they are specifically excluded from the statutory definition of "rule" contained in OCGA § 50-13-2 (6). Therefore, the manual may not be reviewed in a declaratory judgment action under OCGA § 50-13-10. See *Roy E. Davis & Co. v. Dept. of Revenue*, 256 Ga. 709 (353 SE2d 195) (1987). Thus, compelling DMA to respond to discovery pursuant to a declaratory judgment action under § 50-13-10 was error.

*Judgment reversed. All the Justices concur.*

DECIDED FEBRUARY 21, 1991 —
RECONSIDERATION DENIED MARCH 27, 1991.

*Michael J. Bowers, Attorney General, Kathryn L. Allen, Senior Assistant Attorney General,* for appellant.

*Troutman, Sanders, Lockerman & Ashmore, Herbert D. Shellhouse,* for appellees.