A95A0873. DEAN v. FULTON COUNTY BOARD OF TAX ASSESSORS et al.
(463 SE2d 64)

McMURRAY, Presiding Judge.

Plaintiff Dean filed this action for declaratory judgment and injunctive relief alleging that he is the owner of a parcel of real property in Fulton County, that on March 5, 1993, he was issued a real property assessment notice for the 1993 tax year upon such property and that on September 3, 1993, he was issued a second real property tax assessment notice for the 1993 tax year which showed a higher valuation placed on his property than had the first such assessment. Plaintiff alleges that the defendant Fulton County Board of Tax Assessors was without lawful authority to issue the second assessment notice since it had already assessed the property via the first notice, and that the second assessment was prepared in an unlawful, illegal, and unconstitutional manner. Defendant denied that plaintiff was entitled to any relief and maintained that the second assessment was properly issued to correct an obvious and undisputed clerical error. The complaint further alleges that plaintiff filed a notice of appeal with defendant following receipt of the second assessment notice and that the present action was filed after that appeal was rejected. Plaintiff sought a declaration that his taxes for 1993 should be based on the earlier assessment and that defendant should be enjoined from utilizing the later assessment for any purpose. This appeal is taken from the superior court's sua sponte dismissal of plaintiff's action on jurisdictional grounds. *Held*:

The superior court's dismissal of plaintiff's action is predicated

upon a number of Supreme Court cases holding that, as a matter of policy and judicial economy, a superior court should not exercise its equitable jurisdiction in tax assessment cases to address issues of valuation, taxability, uniformity, constitutionality, including the constitutionality of appraisal methods, and procedure which may be reviewed via statutory appeal to a county board of equalization pursuant to OCGA § 48-5-311. *City of Atlanta v. North by Northwest Civic Assn.*, 262 Ga. 531, 535 (3) (422 SE2d 651); *Wilkes v. Redding*, 242 Ga. 78, 79 (247 SE2d 872); *Barr v. Jackson County*, 238 Ga. 332 (1) (232 SE2d 923); *Chilivis v. Kell*, 236 Ga. 226, 227 (1) (223 SE2d 117); *Chilivis v. Backus*, 236 Ga. 88, 90 (222 SE2d 371); *Tax Assessors of Gordon County v. Chitwood*, 235 Ga. 147, 153-154 (218 SE2d 759).

Plaintiff contends that the cases relied upon by the superior court as authority for the dismissal are inapposite because the controversy submitted by his complaint, the validity of the second tax assessment which was issued following the earlier unappealed tax assessment, is not within the statutory jurisdiction of county boards of equalization. The argument submitted by plaintiff goes on to cite *Fayette County Bd. of Tax Assessors v. Ga. Utilities Co.*, 186 Ga. App. 723 (368 SE2d 326) for the proposition that the value of his property for 1993 tax purposes was established by the first notice of assessment. But the facts and circumstances of the case set out in this earlier opinion, which include the property owner's appeal of second assessments for a number of tax years to the county board of equalization, subsequent appeal to the superior court, and reversal of the superior court, serve to at least implicitly hold that the issue decided in this prior case and also submitted by plaintiff in the case sub judice is subject to appeal to and decision by a county board of equalization pursuant to OCGA § 48-5-311 (e). See also *Barland Co. v. Bartow County Bd. of Tax Assessors*, 176 Ga. App. 798 (338 SE2d 16).

*Judgment affirmed. Andrews and Blackburn, JJ., concur in the judgment only.*

DECIDED OCTOBER 20, 1995.

*Brenskelle & Perry, David P. Brenskelle, Brock E. Perry*, for appellant.

*Thomas A. Cox, Jr.*, for appellees.