S06A0727. DEPARTMENT OF TRANSPORTATION et al.
v. PEACH HILL PROPERTIES, INC.
(631 SE2d 660)

CARLEY, Justice.

In *Georgia Dept. of Transp. v. Peach Hill Properties*, 278 Ga. 198 (599 SE2d 167) (2004), we held that the trial court abused its discretion by ordering the Department of Transportation (DOT) to submit to the Federal Aviation Administration the exemption request of Peach Hill Properties, Inc. for a landfill to be located within six miles of a regional airport. However, we also concluded that the trial court could mandate "(1) the development of reasonable guidelines enabling Peach Hill to seek a landfill exemption and (2) a prompt and fair consideration of Peach Hill's exemption request." *Georgia Dept. of Transp. v. Peach Hill Properties*, supra at 201 (2).

---

On remand, the trial court entered an order consistent with our opinion and, in response, DOT adopted Rule 672-9-.05. However, Peach Hill did not submit an exemption application under the provisions of that rule, as we had indicated would be appropriate. Instead, Peach Hill filed an amended petition for declaratory judgment and mandamus under the previous case number. Acting pursuant to that amended petition, the trial court struck certain requirements and criteria in Rule 672-9-.05 as vague, duplicative of existing rules, unrelated to air safety, impossible to comply with, or providing DOT with unfettered discretion. The trial court further ordered DOT to adopt a rule which complies with that court's orders, and directed the entry of a final judgment. DOT appeals from that judgment.

1. DOT contends that the trial court lacked subject matter jurisdiction to grant declaratory judgment concerning the validity of Rule 672-9-.05. This jurisdictional issue "is properly before us notwithstanding [DOT]'s failure to raise it below. [Cit.]" *Department of Medical Assistance of Ga. v. Beverly Enterprises*, 195 Ga. App. 753, 754 (1) (395 SE2d 15) (1990), rev'd on other grounds, 261 Ga. 59 (401 SE2d 499) (1991).

OCGA § 50-13-10 governs declaratory judgment regarding the validity of administrative rules. Subsection (a) of that statute provides the following:

> The validity of any rule . . . may be determined in an action for declaratory judgment when it is alleged that the rule . . . or its threatened application interferes with or impairs the legal rights of the petitioner. A declaratory judgment may be rendered whether or not the petitioner has first requested the agency to pass upon the validity of the rule . . . in question.

This subsection clearly dispenses with any requirement for the petitioner to exhaust his administrative remedies. *Caldwell v. Liberty Mut. Ins. Co.*, 248 Ga. 282, 285 (1) (282 SE2d 885) (1981); *Pope v. Cokinos*, 231 Ga. 79, 81 (3) (200 SE2d 275) (1973). However, other principles which ordinarily apply to declaratory judgment actions are not eliminated by the statute. "Actions for declaratory judgment provided for in this Code section shall be in accordance with Chapter 4 of Title 9, relating to declaratory judgments." OCGA § 50-13-10 (c).

> Thus, the requirement remains that there must be a justiciable controversy between the parties. Put another way, § 50-13-10 does not allow advisory opinions; it simply permits the State to be sued in an otherwise proper declaratory judgment action involving the validity of an agency rule.

*Burton v. Composite State Bd. of Medical Examiners*, 245 Ga. App. 587, 589 (538 SE2d 501) (2000). See also *BankWest v. Oxendine*, 266 Ga. App. 771, 777 (3) (598 SE2d 343) (2004); *Board of Natural Resources v. Monroe County*, 252 Ga. App. 555, 557 (1) (556 SE2d 834) (2001).

The viability of declaratory judgment relief in this case is not determined by the availability of that form of action in the previous proceedings, since they occurred prior to the existence of Rule 672-9-.05 and involved a justiciable controversy over a clear and definite DOT policy decision not to consider any exemption applications. See *Department of Medical Assistance of Ga. v. Beverly Enterprises*, supra at 754 (2). Likewise, Peach Hill's reasons for failing to exhaust its administrative remedies, including the alleged impossibility of completing, or the futility of filing, an application for exemption under the new rule, are irrelevant, since administrative exhaustion is neither required under OCGA § 50-13-10 nor pertinent to the existence vel non of a justiciable controversy.

After DOT adopted Rule 672-9-.05 and Peach Hill filed the amended petition for declaratory judgment,

> no *pending* case or controversy existed. . . . A new case or controversy is not currently pending because [Peach Hill] . . . elected to seek declaratory judgment rather than initiate a new application. . . . Additionally, the rights of the parties have accrued and the positions of the parties regarding the constitutionality and applicability of [the DOT rule] are firmly established. Thus . . . , [Peach Hill] is not walking in the dark as to what future position to take. [Cit.] . . . [Peach Hill], in effect, asks this Court to rule in the abstract as to issues it anticipates will arise should it file a new application. In the absence of a case or actual controversy currently pending and because [Peach Hill's] position as to the constitutionality of the [rule] is already fixed, what [Peach Hill] seeks is our advisory opinion so it can test the strength of [DOT]'s anticipated future defenses. . . . [Regardless of whether Peach Hill] was required . . . to exhaust its administrative remedies[,] . . . declaratory judgment was not here appropriate. [Cit.]

*Chambers of Ga. v. Dept. of Natural Resources*, 232 Ga. App. 632, 633-634 (502 SE2d 553) (1998). If Peach Hill does choose to file an exemption application under the new rule, and DOT either denies the application or fails to give it prompt and fair consideration, then an action for declaratory judgment may be appropriate at that time. See

*State Health Planning Agency v. Coastal Empire Rehab. Hosp.*, 261 Ga. 832 (412 SE2d 532) (1992).

2. Remaining enumerations of error are moot.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 12, 2006.

*Thurbert E. Baker, Attorney General, Daniel M. Formby, Deputy Attorney General, Ray O. Lerer, Senior Assistant Attorney General, Eric A. Kane, Assistant Attorney General, Presto & Berggren, Cynthia A. Presto*, for appellants.

*Wilson, Brock & Irby, Richard W. Wilson, Jr., Dupree, King & Kimbrough, Hylton B. Dupree, Jr.*, for appellee.