S06A0397, S06A0398. VESTA HOLDINGS, LLC v. FREEMAN
(two cases).
(632 SE2d 87)

SEARS, Chief Justice.

The appellant, Vesta Holdings, LLC ("Vesta"), appeals from the trial court's denial of its petition for mandamus, by which it sought to compel the Fulton County Sheriff to levy on two tax executions Vesta purchased from the Fulton County Tax Commissioner. The Sheriff refused to levy on the executions because he determined they were invalid. Because the Sheriff does not have the authority to make the

judicial determination necessary to invalidate the executions, which are facially valid, we reverse.

The relevant tax executions were issued by the Fulton County Tax Commissioner against CSX Transportation, Inc., for certain real estate located on Glenwood Avenue in Atlanta. On April 8, 2002, Vesta purchased the executions from the Fulton County Tax Commissioner, thereby acquiring the rights to enforce the executions.[1] On April 7, 2003, in accordance with OCGA § 48-4-3, Vesta placed the tax executions in the hands of the Sheriff of Fulton County for levy and sale. Under that statute, the Sheriff had 90 days to levy on the property.

The Sheriff refused to levy on the property, however, because he determined that the executions were invalid. He made that determination because he found that the property was owned by CSX Railroad, was subject to taxation only by the State, and was therefore rendered "inactive" by the Fulton County Board of Tax Assessors. Thus, the Sheriff determined that there was no tax owed on the property.

Vesta claims that the property *is* taxable by the County because it constitutes real property, and that it is a railroad's boxcars and other movable property that are only taxable by the State.[2] Accordingly, Vesta argues that the Sheriff improperly made a judicial determination, as finder of both fact and law, that the executions were invalid.

Under OCGA § 15-16-10 (a) (1), "[i]t is the duty of the sheriff to execute and return the processes and orders of the courts and of officers of competent authority, if not void, with due diligence when delivered to him for that purpose." As a ministerial officer, the Sheriff "must execute all process placed in his hands which is regular and proper on its face and which is issued by a person having authority to do so."[3]

The Sheriff has not claimed, nor does any evidence show, that the executions in this case are improper or irregular on their face, or that the Fulton County Tax Commissioner has no authority to issue such

---

[1] OCGA § 9-13-36 (after purchasing execution, "[t]he transferee shall have the same rights as to enforcing the execution . . . as might have been exercised or claimed before the transfer"). But see *E-Lane Pine Hills v. Ferdinand*, 277 Ga. App. 566 (627 SE2d 44) (2005) (holding that OCGA § 9-13-36 was repealed by implication).

[2] See, e.g., OCGA §§ 48-5-521 (providing method of assessment of property of railroad companies for county and municipal taxation); 48-5-519 (providing for taxation of railroad equipment companies); 48-5-520 (providing for taxation of rolling stock of railroad companies).

[3] *Singer Sewing Machine Co. v. Barnett*, 76 Ga. 377, 378 (1886); see also *Bowers v. Price*, 171 Ga. App. 516, 517 (320 SE2d 211) (1984) (sheriff must execute the process placed in his hands exactly as it is written); *Gladden v. Cobb*, 73 Ga. 235, 238 (1884) (whether a defect renders a fi. fa. voidable can only be determined through judicial proceedings, instituted by parties in interest, and not by the sheriff himself).

executions. Even if the Sheriff is absolutely correct in his determination that the executions are ultimately invalid, the Sheriff is not a judicial officer, and he is therefore not entitled to make that determination.[4] At most, "[t]he execution[s] in the present case [are] not void, but only voidable."[5] It is irrelevant at this stage which party ultimately proves correct, but it is clear that the Sheriff is not entitled to make the significant legal and factual conclusions that he made in finding the executions to be invalid.

The proper party to challenge the validity of the tax assessments, rather, is the taxpayer against whom the tax has been assessed, and the proper forum to do so is a judicial one.[6]

The Tax Commissioner is statutorily vested with the authority to determine tax assessments and issue executions as it did in this case.[7] It does not further the interests of justice and order to allow the Sheriff to act as a judicial officer in determining the validity of an execution that is issued by the Tax Commissioner and is valid on its face. Thus, unless the tax execution is void on its face, the Sheriff has no discretion or authority to decline to enforce it. Accordingly, the trial court erred in denying the petition for mandamus, and the judgment below is hereby reversed.

*Judgment reversed. All the Justices concur, except Benham, J., who concurs in the judgment only.*

DECIDED JUNE 12, 2006.

*Proctor, Chambers & Hutchins, Robert J. Proctor, Bradley A. Hutchins, Adam C. Caskey,* for appellant.

*Denval A. Stewart, Rory K. Starkey, Overtis H. Brantley, Vincent D. Hyman, Nigel A. Davis,* for appellee.

---

[4] *Gladden,* 73 Ga. at 238.

[5] *Singer Sewing Machine Co.,* 76 Ga. at 378.

[6] See, e.g., OCGA §§ 48-5-311 (providing taxpayers an avenue to appeal county tax assessments); 48-5-380 (providing for taxpayer refunds for assessments determined to be erroneous). See also OCGA §§ 48-3-9 (sheriff to provide notice to owner of security deed or mortgage before levy); 48-4-1 (providing procedures for sales under tax levies and executions); 9-13-140 (detailing notice to be provided by sheriff prior to sale); 48-4-45 (providing procedure for foreclosure of taxpayer's right to redeem).

[7] See, e.g., OCGA § 48-4-1 et seq.