S09A1883. WATSON v. MATTHEWS.

(692 SE2d 338)

HINES, Justice.

Teresa Watson appeals the trial court's order granting a motion to dismiss her petition for a writ of mandamus seeking to require a superior court judge to produce a "log book" used for scheduling purposes. For the reasons that follow, we affirm.

According to her sworn petition, Watson owns and operates a website devoted to local news in Floyd County, Georgia. In connection with that activity, she was sued for defamation in the Superior Court of Floyd County; Judge Walter Matthews presided over the case. Watson moved to dismiss the complaint filed against her and,

according to Watson, Judge Matthews's administrative assistant told her that a hearing on her motion to dismiss would be held on September 23, 2008. However, on September 8, 2008, without a hearing, Judge Matthews signed an order denying Watson's motion. Watson alleges that she visited the Judge's assistant in the Judge's chambers and that the assistant produced a log book indicating that Judge Matthews had signed a rule nisi which scheduled a hearing date of September 23, 2008 for the motion to dismiss to be heard.

Watson has not caused a certified copy of the record in the defamation suit to be made a part of the record in this action, but she states in her mandamus petition that, in the defamation case, she subpoenaed the log book.[1] Apparently, she has also filed requests under the Open Records Act, OCGA § 50-18-70 et seq., with the County Attorney and the Council of Superior Court Judges, attempting to gain access to the log book. These efforts did not result in the production of the log book, and Watson, acting pro se, filed this petition seeking a writ of mandamus to compel Judge Matthews to produce the log book, and a writ of prohibition to prevent him from "interfering with the Georgia Code right of Direct Appeal for Criminal Contempt actions . . . ."[2] All judges in the Rome Judicial Circuit recused themselves from presiding over the case, and a superior court judge from another circuit was appointed to preside over it. Judge Matthews moved to dismiss the action; the motion to dismiss was granted without a hearing, and Watson appeals.

1. Watson contends that it was error for the trial court to fail to hold a hearing on the motion to dismiss, citing OCGA § 9-6-27.[3] Subsection (a) of that Code section provides, inter alia, "if the mandamus nisi is granted the judge shall cause the same to be returned for trial not less than ten nor more than 30 days from such

---

[1] The transcript of a motion hearing in the defamation case, included as an attachment to a filing of Watson's in this case, refers to a subpoena duces tecum, and an attempt by Watson to subpoena items from the trial judge's chambers.

[2] Watson contends that, at some point during the progress of the defamation suit, Judge Matthews dismissed a notice of appeal that she had filed from what she believed was a contempt order.

[3] OCGA § 9-6-27 provides:

(a) Upon the presentation of an application for mandamus, if the mandamus nisi is granted the judge shall cause the same to be returned for trial not less than ten nor more than 30 days from such date. The defendant shall be served at least five days before the time fixed for the hearing.

(b) If no issue of fact is raised by the application and answer, the case shall be heard and determined by the court without the intervention of a jury.

(c) If an issue of fact is involved, it may be heard by the judge upon the consent of all parties. Otherwise, the case shall be set for trial upon the first day of the next term of the superior court as other jury cases are tried. However, if the court has a scheduled session for jury trials which will occur before the next term, the case shall stand for trial at the present term.

date." However, no mandamus nisi issued, and Judge Matthews was served with the petition in the normal manner. See *Haugen v. Henry County*, 277 Ga. 743, 744 (1) (594 SE2d 324) (2004); *DeKalb County v. Chapel Hill, Inc.*, 232 Ga. 238, 239-240 (1) (205 SE2d 864) (1974). Neither Watson nor Judge Matthews requested oral argument under Uniform Superior Court Rule 6.3. Accordingly, it was not error to rule on the mandamus petition without holding a hearing. See *Nally v. Bartow County Grand Jurors*, 280 Ga. 790, 792 (5) (633 SE2d 337) (2006). Accord *Kappelmeier v. Iannazzone*, 279 Ga. 131 (2) (610 SE2d 60) (2005).

2. The court also ruled that the extraordinary remedies of mandamus and prohibition were not available because Watson had an adequate remedy at law in the underlying defamation case, and the right to appeal the trial court's orders therein. This is correct. As noted above, Watson states in her sworn mandamus petition that she subpoenaed the log book in the defamation case. Should her discovery attempts in that case fail to afford the access to that document that she wishes, she can seek redress in the ordinary course of judicial proceedings, including appeal.[4] See, e.g., *Anderson v. Mergenhagen*, 283 Ga. App. 546, 552 (3) (642 SE2d 105) (2007). Accordingly, she has an adequate remedy at law, and writs of mandamus and prohibition are not available to her. See *Smith & Wesson Corp. v. City of Atlanta*, 273 Ga. 431 (543 SE2d 16) (2001); *Jersawitz v. Riley*, 269 Ga. 546 (500 SE2d 579) (1998).

Watson's remaining enumerations of error are moot.[5]

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 22, 2010.

Teresa Watson, *pro se.*

*Thurbert E. Baker, Attorney General, Dennis R. Dunn, Deputy Attorney General, Ann S. Brumbaugh, Assistant Attorney General,* for appellee.

---

[4] In its order denying Watson's mandamus petition, the trial court notes that Watson stated that she had filed an appeal in the defamation action, and that she conceded that the fact that she had done so "obviated, at least in part" her need for a writ of prohibition.

[5] Among other enumerations, Watson asserts that the trial court erred in discussing judicial immunity, as she did not seek money damages from Judge Matthews. However, the trial court's order states that it is not clear if Watson claimed money damages, and the court clearly addressed the matter only in the event that Watson were to assert at a later time that she requested such relief.