S11A1207. SOUTHERN LNG, INC. v. MACGINNITIE.

(719 SE2d 473)

MELTON, Justice.

Appellant Southern LNG, Inc. is a Delaware corporation that owns real property on Elba Island in Chatham County, on which are located liquified natural gas facilities that contain liquid natural gas appellant receives from international producers. When natural gas is

---

needed, the liquid natural gas is removed from the storage facilities through a network of pipes, is returned to a gaseous state, and is then delivered by means of intra- and interstate pipelines. Appellant contends it is a "public utility" under OCGA § 48-1-2 and, as such, is required under OCGA § 48-5-511 to make an annual tax return of its Georgia property to the Georgia Revenue Commissioner rather than to the Chatham County tax authorities. Appellant filed a complaint for declaratory judgment and for writ of mandamus in the Superior Court of Fulton County, seeking to have the trial court recognize appellant as a "public utility" under OCGA § 48-1-2 and to order appellee Douglas J. MacGinnitie, the Georgia Revenue Commissioner, to accept appellant's annual ad valorem property tax return, to assess the property uniformly with that of other public utilities in Georgia, and to include the property in the report the Commissioner files with the Chatham County tax assessor. See OCGA § 48-5-524. The trial court granted the Commissioner's motion to dismiss the complaint, ruling that appellant's complaint failed to state a claim upon which relief could be granted because the doctrine of sovereign immunity was applicable to the claims. A timely appeal to this Court on the applicability of sovereign immunity to this case followed. For the reasons that follow, we reverse.

We need not address whether sovereign immunity would act as a bar to appellant's declaratory action, as it is clear that, if the declaratory action were barred by sovereign immunity (thus leaving appellant without an adequate legal remedy), appellant's mandamus action would still remain viable. See *Stanley v. Sims*, 185 Ga. 518, 526 (195 SE 439) (1938) (action for mandamus seeking to compel an official to perform a ministerial duty cannot be dismissed for failure to state a claim based on an assertion of sovereign immunity because "[s]uch an action is not within the rule that a State can not be sued without its consent"). This is not to say that declaratory actions against the State are necessarily barred by sovereign immunity.[1] We

---

[1] Indeed, declaratory actions and similar actions against the State have long been recognized in other contexts. See, e.g., OCGA § 50-13-10 (authorizing declaratory action to determine the validity of any administrative rule, waiver, or variance "when it is alleged that the rule, waiver, or variance or its threatened application interferes with or impairs the legal rights of the petitioner"); *State Bd. of Ed. v. Drury*, 263 Ga. 429, 432 (1) (437 SE2d 290) (1993) (declaratory action is authorized with respect to validity of administrative rule); *Undercofler v. Colonial Pipeline Co.*, 114 Ga. App. 739 (152 SE2d 768) (1966) (declaratory action by property owner against Revenue Commissioner regarding requirement to make annual ad valorem tax return to the Commissioner rather than the local tax commissioner in each county in which property owner had property); *IBM v. Ga. Dept. of Admin. Svcs.*, 265 Ga. 215, 216 (1) (453 SE2d 706) (1995) (concluding that sovereign immunity did not protect Department of Administrative Services from injunctive relief, and noting that "[t]o avoid the harsh results sovereign immunity would impose, the court has often employed the legal fiction that such a suit is not a suit against the state, but against an errant official, even though the purpose of the suit

simply decline to address the question whether a declaratory action against the State to determine one's rights with respect to the applicability of a statute is barred by sovereign immunity.

*Judgment reversed. All the Justices concur, except Nahmias, J., who concurs in judgment only, and Benham, J., who dissents.*

BENHAM, Justice, dissenting.

I respectfully disagree with the majority's reversal of the trial court's dismissal of appellant's complaint for declaratory judgment and mandamus relief. I believe the trial court was correct when it determined that sovereign immunity precluded appellant from bringing a declaratory judgment action against the Commissioner and, while the portion of appellant's complaint seeking mandamus relief was not subject to dismissal on sovereign immunity grounds, I believe the trial court was correct in dismissing the mandamus action because appellant was precluded from seeking mandamus relief since appellant has an adequate remedy at law.

1. The majority believes it is unnecessary to address whether the trial court was correct in holding that sovereign immunity barred appellant's petition for declaratory judgment. I disagree with that view and believe that the doctrine of sovereign immunity bars appellant's declaratory judgment action since it does not fall within the waiver of sovereign immunity found in OCGA § 50-13-10.

The Georgia Constitution states that

> [e]xcept as specifically provided in this Paragraph, sovereign immunity extends to the state and all of its departments and agencies . . . [and] can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver.

1983 Ga. Const., Art. I, Sec. II, Par. IX (e). A waiver of sovereign immunity in certain declaratory judgment actions is found in OCGA § 50-13-10 of the Administrative Procedure Act. It authorizes the filing of an action for declaratory judgment to determine the validity of any rule, waiver, or variance "when it is alleged that the rule, waiver, or variance or its threatened application interferes with or impairs the legal rights of the petitioner." "Pursuant to OCGA § 50-13-10, the state has 'consented' to be sued and has waived sovereign immunity *only* as to declaratory judgment actions wherein the rules and regulations of its departments and agencies are

---

is to control state action through state employees") (citation omitted).

*challenged." State Bd. of Ed. v. Drury*, 263 Ga. 429, 432 (437 SE2d 290) (1993) (emphasis in original). See also *Dept. of Transp. v. Peach Hill Properties*, 280 Ga. 624 (1) (631 SE2d 660) (2006); *Live Oak Consulting v. Dept. of Community Health*, 281 Ga. App. 791 (1) (637 SE2d 455) (2006). The limited waiver of sovereign immunity does not authorize a declaratory judgment action challenging a state agency's forms or interpretive rules. *Roy E. Davis Co. v. Dept. of Revenue*, 256 Ga. 709, 711 (353 SE2d 195) (1987). See also *Ga. Dept. of Medical Assistance v. Beverly Enterprises*, 261 Ga. 59 (401 SE2d 499) (1991). The petition for declaratory judgment filed by appellant does not fall within the limited waiver of sovereign immunity provided by OCGA § 50-13-10 because appellant's petition does not challenge the application of a rule, waiver, or variance; instead, it questions what it believes is the Commissioner's application of a statute. Since appellant's petition does not fall within the limited waiver of sovereign immunity, the trial court correctly dismissed that portion of appellant's complaint for failure to state a claim.

None of the arguments presented by appellant in its effort to establish that sovereign immunity is not applicable to its declaratory judgment action withstand scrutiny. Appellant argues that sovereign immunity may not be applied to its petition since it did not seek monetary relief. "Under Georgia law, sovereign immunity is an immunity from suit, rather than a mere defense to liability. . . ." *Bd. of Regents &c. of Ga. v. Canas*, 295 Ga. App. 505 (1) (672 SE2d 471) (2009). While sovereign immunity does shield the State from suits seeking to recover damages (*In the Interest of A. V. B.*, 267 Ga. 728 (1) (482 SE2d 275) (1997)), its application is not limited to protecting the public purse from being used to pay damages; sovereign immunity protects the government from *legal action* unless the government has waived its immunity from suit. *Cameron v. Lang*, 274 Ga. 122 (3) (549 SE2d 341) (2001).

Citing *Undercofler v. Colonial Pipeline Co.*, 114 Ga. App. 739 (152 SE2d 768) (1966), appellant contends its declaratory judgment action was properly before the trial court and should not have been dismissed on the basis of sovereign immunity. In *Colonial Pipeline*, a taxpayer that owned property in 35 Georgia counties and operated a pipeline system carrying liquid petroleum in Georgia sought and received a declaratory judgment against the Revenue Commissioner that it was required to make its annual ad valorem tax return to the Commissioner rather than the local tax commissioner in each county in which it had property. There was neither discussion nor application of the doctrine of sovereign immunity in *Colonial Pipeline*, perhaps due to the fact that sovereign immunity did not gain constitutional status in Georgia until 1974, eight years after the *Colonial Pipeline* decision. With the ratification of the 1974 consti-

tutional amendment came

> an entirely new ball game as far as the doctrine of sovereign immunity is concerned . . . [and] other opinions of the courts of this state dealing with the judicial application of the rule prior to the 1974 amendment are not applicable to claims against the state arising since the 1974 amendment.

*Dept. of Human Resources v. Briarcliff Haven*, 141 Ga. App. 448, 450-451 (233 SE2d 844) (1977).

2. The trial court found that the portion of appellant's complaint seeking a writ of mandamus failed to state a claim upon which relief could be granted because the doctrine of sovereign immunity was applicable. The complaint sought mandamus to compel the Commissioner to take actions required of him with regard to the return of real property owned by a "public utility," as that term is defined in OCGA § 48-1-2. I agree with the majority's implicit determination that the trial court erred when it ruled that the doctrine of sovereign immunity was applicable to that portion of the complaint in which appellant sought a writ of mandamus. See *Stanley v. Sims*, 185 Ga. 518, 526 (195 SE 439) (1938). However, upon employment of "right for any reason" analysis, the trial court's error is not reversible error. Mandamus is an extraordinary legal remedy that issues to compel the performance of an official duty (OCGA § 9-6-20), and "[t]he right to the extraordinary writ of mandamus exists only upon meeting a two prong test: (1) the applicant must demonstrate a clear legal right to the relief sought, and (2) there must be no other adequate remedy." *Carnes v. Crawford*, 246 Ga. 677, 678 (272 SE2d 690) (1980). It is appropriate to dismiss a petition for a writ of mandamus where the plaintiff does not have a clear legal right to the action sought to be compelled or the plaintiff has an adequate remedy at law to seek enforcement of the right claimed. See, e.g., *Watson v. Matthews*, 286 Ga. 784 (692 SE2d 338) (2010); *Wilkes v. Redding*, 242 Ga. 78, 79 (247 SE2d 872) (1978) (affirming dismissal of mandamus petition since writ is not available when petitioner has an adequate remedy at law); *Voyles v. McKinney*, 283 Ga. 169 (657 SE2d 193) (2008) (affirming dismissal of mandamus petition as premature since period of time within which public official was required to act had not expired). Because appellant has an adequate remedy at law to enforce the right it claims to have, the trial court did not err when it dismissed that portion of appellant's petition seeking a writ of mandamus.

The General Assembly has provided a means by which a property owner may appeal a county's ad valorem assessment to a county board of equalization and then, if necessary, to the superior court.

OCGA § 48-5-311 (e) (1) (A), (g) (2009). See also *Glynn County Bd. of Tax Assessors v. Haller*, 273 Ga. 649 (3) (543 SE2d 699) (2001). At oral argument before this Court, counsel for appellant acknowledged that her client has exercised its statutory right to appeal the Chatham County's assessment of appellant's Chatham County property to the Chatham County Board of Equalization, but asserted the issue concerning whether the power to assess appellant's Chatham County property for purposes of taxation lies with the taxing authorities of the county or with the Commissioner could not be raised in an appeal to the county board of equalization since the appeal is limited only "to matters of taxability, uniformity of assessment, and value. . . ." OCGA § 48-5-311 (e) (1) (A) (2009). After reviewing the appeals from ad valorem tax disputes filed in this Court and the Court of Appeals, I cannot agree with that assertion.

"[A]s a matter of policy and judicial economy ad valorem tax disputes should be resolved first at the local level through the appeal procedures created specifically for that purpose." *City of Atlanta v. North by Northwest Civic Assn.*, 262 Ga. 531 (3) (422 SE2d 651) (1992). See also *Rockdale County v. Finishline Industries of Ga.*, 238 Ga. App. 467 (2) (518 SE2d 720) (1999). "The appeal process under § 48-5-311 is intended to provide the most expeditious resolution of a taxpayer's dissatisfaction with an assessment, preferably before taxes are paid. *It is reasonable for all issues which might impact on the assessment to be within the scope of that proceeding.*" *Gwinnett County, Georgia v. Gwinnett I L.P.*, 265 Ga. 645, 646 (458 SE2d 632) (1995) (emphasis supplied). The county board of equalization is "the appropriate forum for deciding the taxpayer's constitutional and procedural issues as well as questions of uniformity, valuation, and taxability[,]" and is an adequate remedy at law that makes a petition for writ of mandamus unauthorized. *Wilkes v. Redding*, supra, 242 Ga. at 79; *Chatham County Board of Assessors v. Jepson*, 261 Ga. App. 771 (1) (584 SE2d 22) (2003). A taxpayer may challenge the constitutionality of certain tax laws before the board of equalization (*Barr v. Jackson County*, 238 Ga. 332 (232 SE2d 923) (1977)); may bring before the board contentions that local tax officials have engaged in discriminatory practices, have failed to provide proper notice of assessment changes, and have failed to perform certain required duties (*Casey v. Landrum*, 238 Ga. 284 (232 SE2d 916) (1977)); may question the fairness of the board's hearing procedures, the method of appointment of board members, and the legality of the valuation (*Hooten v. Thomas*, 297 Ga. App. 487, 490-491 (677 SE2d 670) (2009)); and may argue before the board that the method of re-assessment was void and of no legal effect. *Arnold v. Gwinnett County Bd. of Tax Assessors*, 207 Ga. App. 759 (429 SE2d 146) (1993). I submit that the issue of whether the local taxing authority

has authority to assess certain property similarly can be decided in an appeal to the local board of equalization.

Furthermore, the validity of the tax assessment made by the county taxing authority is a proper challenge under OCGA § 48-5-311. See *Vesta Holdings v. Freeman*, 280 Ga. 608, 610 (632 SE2d 87) (2006); *Dean v. Fulton County Bd. of Tax Assessors*, 218 Ga. App. 760 (463 SE2d 64) (1995) (validity of second, higher tax assessment is subject to appeal to county board of equalization under OCGA § 48-5-311) (physical precedent only); *Barland Co. v. Bartow County Bd. of Tax Assessors*, 176 Ga. App. 798 (338 SE2d 16) (1985) (taxpayer was required by earlier appeal to appeal validity of corrected assessment pursuant to OCGA § 48-5-311). See also OCGA § 48-5-311 (g) (3) (2009) and *Gilmer County Bd. of Tax Assessors v. Spence*, 309 Ga. App. 482 (1) (a) (711 SE2d 51) (2011) (in the de novo appeal in superior court, the board of tax assessors has the burden of proving the validity of their proposed assessment by a preponderance of the evidence). Again, I submit that the validity of the county taxing authority's assessment can be challenged before the county board of equalization by questioning the authority of the local taxing authority to assess the property.

Since an appeal before a board of equalization provides an adequate remedy at law for the determination of appellant's question concerning the validity of the county tax assessment, the trial court did not err when it dismissed appellant's petition for writ of mandamus. See *Watson v. Matthews*, supra, 286 Ga. 784 (2); *Wilkes v. Redding*, supra, 242 Ga. at 79 (dismissal of mandamus petition was appropriate since writ is not available when petitioner has an adequate remedy at law); *Vann v. DeKalb County Bd. of Tax Assessors*, 186 Ga. App. 208, 210-211 (367 SE2d 43) (1988) (the issuance of injunctive relief, a declaratory judgment, or a writ of mandamus is barred by the existence of an adequate remedy at law). Accordingly, I would affirm the trial court's dismissal of the petition for writ of mandamus.

Since I believe the trial court was correct in relying on sovereign immunity to dismiss the portion of appellant's complaint seeking declaratory judgment, and that it was correct to dismiss that portion of appellant's complaint seeking mandamus relief, I would affirm the trial court's judgment. Consequently, I dissent.

DECIDED NOVEMBER 29, 2011.

*Ragsdale, Beals, Seigler, Patterson & Gray, William J. Seigler III, Herbert H. Gray III, Lisa F. Stuckey, Brian J. Morrissey*, for appellant.

*Samuel S. Olens*, Attorney General, *Warren R. Calvert*, Senior

*Assistant Attorney General, Heather R. Ryfa, Assistant Attorney General,* for appellee.