BENHAM, Justice,
concurring.
In the original appearance of this case, I issued a dissenting opinion in which I concluded the trial court did not err when it dismissed Southern LNG, Inc.’s petition for writ of mandamus because I believed an appeal before a board of equalization provides an adequate remedy at law for the determination of Southern’s question concerning the validity of the county tax assessment. Southern LNG, Inc. v. MacGinnitie, 290 Ga. 204, 206-210 (719 SE2d 473) (2011) (Southern I). Upon further consideration of the issue, I agree that it appears necessary to analyze whether this alternative legal procedure is “equally convenient, complete and beneficial,” before it can be determined to be an adequate alternative remedy to Southern’s mandamus action. See North Fulton Med. Center, Inc. v. Roach, 265 Ga. 125, 127-128 (453 SE2d 463) (1995). Consequently, I fully concur that summary judgment in favor of the Commissioner must be vacated and the case remanded so that the questions raised by this Court’s current opinion may be addressed by the trial court.[24]

 Although, as noted in footnote 5, on remand the Commissioner did not seek summary judgment on Southern’s declaratory judgment claim and thus the issue of whether that claim is barred by sovereign immunity was not addressed by the trial court, I reiterate my opinion that “the doctrine of sovereign immunity bars appellant’s declaratory judgment action since it does not fall within the waiver of sovereign immunity found in OCGA § 50-13-10.” Southern I, supra, 290 Ga. at 206.